Carole SAMUELS, Relator,

v.

The Honorable John D. MONTGOMERY, Respondent.

No. A14–90–00460–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 26, 1990.

John F. Nichols, Houston, for appellant.

Burta Rhoads Raborn, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This mandamus concerns an order signed by Respondent on May 24, 1990, disqualifying Relator's counsel in her divorce action brought in the 309th District Court of Harris County. This court stayed the order pending our final decision on mandamus. We conditionally grant the writ of mandamus.

Relator was a party to a pending and preferentially set divorce and child custody case in the family court of Respondent. Counsel for the husband brought a motion to disqualify counsel for the Relator, wife. Counsel for the husband claimed that because counsel for the wife had interviewed and offered employment to an associate attorney in the office of husband's counsel, it would be inappropriate for the wife's law firm to continue in the case. Respondent signed the order which is the subject of this mandamus action and in connection with that order made the following findings:

### FINDINGS OF FACT

1. An evidentiary hearing was had on May 10, 1990.

2. Both parties with counsel of record, and Guardian Ad Litem, appeared at said hearing.

3. Evidence was adduced and argument of counsel was entertained.

4. The cause of action between the Samuels is a cause of action for divorce.

5. Petitioner CAROLE SAMUELS was at all times relevant represented by the firm PIRO*NICHOLS*LILLY ("the firm") and DOUGLAS S. SAMUELS, M.D. was at all times relevant represented by the offices of BURTA RHOADS RABORN.

6. Judy L. Przyborski was at all times relevant an employee of Burta Rhoads Raborn until April 16, 1990.

7. As an employee for Burta Rhoads Raborn Ms. Przyborski performed substantial work on the divorce case, which is the same matter pending.

8. While Ms. Przyborski was in the employ of the offices of BURTA RHOADS RABORN, PIRO*NICHOLS*LILLY interviewed Ms. Przyborski about employment with the firm on or about April 4, 1990, and on or about April 7, 1990 offered Ms. Przyborski employment with the firm. Salary and terms and conditions of employment were subsequently finalized.

9. On April 11, 1990 Ms. Przyborski told Burta Rhoads Raborn she was seriously considering the offer from the firm at $70,000 per year.

10. In the evening of April 11, 1990 Ms. Przyborski notified a witness that she had accepted the firm's offer and was definitely leaving the employ of BURTA RHOADS RABORN.

11. Ms. Przyborski made statements to witnesses that she was going to be employed by the firm, her salary commencement date would be May

1, 1990, her moving expenses would be paid by the firm, new furniture was to be purchased by the firm, her office furniture was going into storage, and her start up date in terms of employment would be May 1, 1990.

12. Ms. Przyborski left the employ of BURTA RHOADS RABORN effective April 16, 1990. On morning of April 16, 1990 Ms. Przyborski contacted PIRO*NICHOLS*LILLY and accepted the offer of employment, on the premise that the job would be available at such time as the Samuels, Warren and Thomasson cases were concluded.

13. On April 23, 1990 Ms. Przyborski moved her office furniture from the offices of BURTA RHOADS RABORN to space leased by another attorney, the location of which was suggested by the firm.

14. The only impediment, if any, to Ms. Przyborski officing in the facilities of the firm was the "resolution" of two pending cases with the firm, i.e. this matter and a divorce case referred to as the WARREN case (the Thomasson case having been settled), all other terms and conditions of employment having been met.

15. On April 24, 1990 Ms. Przyborski commenced working at her new offices, accepting contract assignments from attorneys other than PIRO*LILLY*NICHOLS.

16. No evidence was presented that Ms. Przyborski received any monetary compensation nor any contract assignments or referrals from the firm and a subpoena relative to such matters was suppressed by the granting of a Motion for Protection.

17. No witness testified that Ms. Przyborski revealed any confidential information regarding the Samuels matter or that Ms. Przyborski made any disclosures regarding the Samuels case in violation of the attorney-client privilege.

## CONCLUSIONS OF LAW

1. Judy L. Przyborski has personally represented DOUGLAS S. SAMUELS in the divorce case pending in this Court and subject of these proceedings, and accordingly can not represent CAROLE SAMUELS in the same cause of action.

2. The foregoing facts indicate Judy L. Przyborski is associated with the firm PIRO*NICHOLS*LILLY.

3. The foregoing facts create a conflict of interest for the firm PIRO*NICHOLS*LILLY.

4. The firm PIRO*NICHOLS*LILLY is disqualified from further representation of CAROLE SAMUELS in this cause of action.

There is sufficient evidence to support the fact findings of the trial court. However, we disagree with the conclusions of law. We find the disqualification of PIRO*NICHOLS*LILLY is an abuse of discretion, done without reference to appropriate guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The facts and circumstances require a different decision. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985).

Texas State Bar Rules on this subject became effective January 1, 1990. We have found no cases with a set of facts and circumstances involving a lawyer's *future employment* with a firm which represents a party he/she once opposed in the same cause of action while at a different firm. However, the language of the rules and the related commentary is clear enough for us to apply the words as well as the intent to the facts presented here. The pertinent rules are as follows (emphasis added):

### RULE 1.09 CONFLICT OF INTEREST: FORMER CLIENT

(b) Except to the extent authorized by Rule 1.10 ["SUCCESSIVE GOVERNMENT AND PRIVATE EMPLOYMENT"], *when lawyers* are or *have become* members of or *associated with a*

*firm,* none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a).

* * * * * *

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
(1) if it is the same or a substantially related matter;
(2) in which such other person questions the validity of the lawyer's services or work product for the former client; or
(3) if the representation in reasonable probability will involve a violation of Rule 1.05 ["CONFIDENTIALITY OF INFORMATION"].

Comment 5 to Rule 1.09 helps emphasize the intent of the rule (emphasis added):
5. Paragraph (b) extends paragraph (a)'s limitations on an individual lawyer's freedom to undertake a representation against that lawyer's former client to all other lawyers *who are* or become *members of* or associated with *the firm in which that lawyer is practicing....*

We are urged to balance the rights of Texas lawyers to have reasonable mobility with the rights of the public to: (1) freely choose their counsel; and, (2) feel comfortable that their confidential relationships with counsel will not be breached or violated. We are urged also to consider the reasonableness of measures taken in an attempt to avoid prejudicing the interests of the client of Burta Rhoads Raborn.

The evidence does not show Ms. Przyborski is practicing law with the firm of PIRO*NICHOLS*LILLY. None of the parties or their counsel asserts that Ms. Przyborski has become a "member" of PIRO*NICHOLS*LILLY. For her to become a "member" of a firm, she clearly would be a partner or at shareholder in a professional corporation, given the usual meaning of "member" in the context of a law firm. It is clear to us that Ms. Przyborski is not "associated with" the firm of PIRO*NICHOLS*LILLY. To be an "associate" she would be on the payroll of a law firm as an employee, given the usual meaning of "associate" in this context. Her testimony shows she received no money (compensation or loans) from PIRO*NICHOLS*LILLY. A member of that firm testified she received no income, revenue or clientele from PIRO*NICHOLS*LILLY.

We are confident that Respondent will vacate his order of May 24, 1990. A writ of mandamus will be issued unless Respondent vacates his order within 30 days of the date of the filing of this opinion.