Lester F. HENDERSON, Sr., Relator,

v.

The Honorable Donald J. FLOYD, Judge, Respondent.

No. D-4150.

Supreme Court of Texas.

Jan. 12, 1995.

Rehearing Overruled Feb. 16, 1995.

Clint W. Lewis, Beaumont, for relator.

Paul J. Holmes, Kenneth W. Lewis, Gilbert T. Adams, L.K. Greer, Beaumont, for respondent.

PER CURIAM.

The issue in this original mandamus proceeding is whether the district court abused its discretion in refusing to disqualify plaintiff's trial counsel. We hold that it did.

Linda Reed sued Lester Henderson, Jr. for assault, and his father, relator Lester Henderson, Sr., for negligence in failing to warn her of his son's violent propensities and prevent the assault. Relator is represented by attorney Clint Lewis. About a month before the case was set for trial, plaintiff's counsel associated new co-counsel for trial, Ken Lewis (who is no relation to Clint Lewis). An associate in Ken Lewis' firm, Brett Thomas, was previously employed in Clint Lewis' firm during the pendency of this litigation. While there, Thomas never met relator, never served as his attorney of record, and never worked on a specific briefing assignment in the case. However, he saw the files and may have handled them, he may have seen plaintiff's settlement video, and he may have proofread briefs. At least he is unable to deny that he had some involvement with the case. Also, Thomas attended semiweekly "file review" meetings at which attorneys in the firm discussed plans for witnesses, evidence, and strategy, and exchanged ideas and suggestions. It is possible that this litigation was discussed at such meetings in Thomas' presence, but he does not recall. Thomas was not aware that Ken Lewis had agreed to represent Reed until he heard Lewis talking about the case. Since then Thomas has avoided all contact with the case, and his firm has attempted to shield him from any accidental or intentional exchange of confidential information. There is no claim that Thomas has actually divulged any confidential information concerning relator's position in the case. Nevertheless, relator moved to disqualify Ken Lewis and his firm as counsel for Reed. The district court denied relator's motion.

We look to the Texas Rules of Professional Conduct for guidance in determining whether an attorney should be disqualified from representing a party in litigation. *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990); *Ayres v. Ca-*

*nales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990); *NCNB Nat'l Bank v. Coker,* 765 S.W.2d 398, 399 (Tex.1989). Rule 1.09 provides in part:

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

\* \* \* \* \* \*

(3) if it is the same or substantially related matter.

\* \* \* \* \* \*

(b) Except to the extent authorized by Rule 1.10 [successive government and private employment], when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a).

TEX.DISCIPLINARY R.PROF.CONDUCT 1.09 (1994), *reprinted in* TEX.GOV'T CODE tit. 2, subtit. G, app. A, art. 10, § 9 (Vernon Supp. 1995). Under this rule, if Thomas "personally represented" relator while associated with Clint Lewis, Ken Lewis cannot represent Reed.

The record in this case leaves little doubt that Thomas personally represented relator. Thomas may have done some actual work on the case, albeit minor, and was at least exposed to confidential information. It is not necessary to show that he personally and substantially participated in the matter. *Compare* Rule 1.10(a), (b), and (c) (successive government and private employment). While Reed argues that Thomas did not personally represent relator within Rule 1.09, Reed nonetheless concedes, citing Rule 1.05, that Thomas would be disqualified by virtue of the confidences gained through his work with Clint Lewis. Reed also argues that Rule 1.09 is but a guideline for disqualifying counsel in court proceedings and should not be applied absolutely in that context. In these circumstances, Reed argues, where Thomas has not disclosed any confidential information pertaining to relator to Ken Lewis or anyone else at their firm, and where the firm has effectively shielded Thomas from any possible contact with the litigation, and where relator has shown no actual harm or injustice, Ken Lewis should not be disqualified from representing Reed. While we agree with Reed that Rule 1.09 cannot be an absolute test for disqualification of counsel in litigation, we see no reason not to apply it in this case. Ken Lewis did not enter the case until several weeks before trial, and relator immediately moved to disqualify him. It would be virtually impossible for relator to show that Thomas revealed his confidences to his harm, and he should not be required to do so. *See Grant v. Thirteenth Court of Appeals,* 888 S.W.2d 466 (Tex.1994); *Phoenix Founders, Inc. v. Marshall,* 887 S.W.2d 831 (Tex.1994). The simple fact is that relator's former lawyer is now associated with his opponent's lawyer. Rule 1.09 does not permit such representation, and the district court clearly abused its discretion in reaching a contrary conclusion.

When relator moved for leave to file his petition for writ of mandamus, he also moved to stay proceedings in the district court. We granted the motion for a stay, but dissolved it when we denied relator's motion for leave to file. Relator immediately moved for rehearing but did not renew his motion for a stay for several months. Reed contends that relator waived any right to disqualify Ken Lewis and his firm by failing to move to stay proceedings while the motion for rehearing has been pending. A similar claim was made in *Grant v. Thirteenth Court of Appeals,* 888 S.W.2d 466, 468 (Tex.1994) (on rehearing). There, the trial court ordered counsel disqualified, the court of appeals granted mandamus relief directing that the order be vacated, and this Court granted mandamus relief directing the court of appeals to withdraw its writ, thereby leaving the trial court's order of disqualification in effect. Disqualified counsel asserted that in the period between the court of appeals' decision and this Court's decision he had continued to be involved in the litigation without objection from the parties who prevailed in this Court. Those parties contested the assertion, and we concluded that the factual dispute should be resolved by the trial court.

We do not suggest that relator's failure to move for a stay of proceedings during the

pendency of his motion for rehearing waived his right to disqualify Ken Lewis or his firm, or that Reed and her counsel can use their own conduct during the pendency of relator's motion for rehearing in this Court to prejudice relator's right to disqualification. However, as in *Grant,* Reed's contention involves factual assertions that should be addressed in the first instance by the district court, and our opinion today does not preclude the district court from considering changed circumstances which would cast relator's motion for disqualification in a different light. Absent such circumstances, however, Ken Lewis and his firm are disqualified.

Accordingly, a majority of this court grants relator's motion for leave to file his petition for writ of mandamus, and without hearing oral argument, conditionally grants writ of mandamus to direct the district court to vacate its order denying relator's motion for disqualification and to order Ken Lewis disqualified from representing Reed absent changed circumstances, consistent with this opinion. TEX.R.APP.P. 122. The writ will issue only if the district court fails to act in accord with this opinion.