**Donald L. SMIRL, Relator,**

v.

**Hon. Wayne BRIDEWELL, Judge, 249th District Court, Johnson County, Texas, Respondent.**

**No. 10–96–230–CV.**

Court of Appeals of Texas, Waco.

Nov. 20, 1996.

Andrew R. Korn & Cheryl L. Mann, Andrew R. Korn, P.C., Dallas, Lane E. Rugeley, Parks & Rugeley, Cleburne, for Relator.

William C. Strock & Jonathan A. Gruver, Dallas, Bettye S. Springer, Haynes and Boone, L.L.P., Fort Worth, Curtis E. Pritchard, Lummus, Hallman, Pritchard & Baker, P.C., Cleburne, for Real Parties in Interest.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

Donald Smirl requests that we issue a writ of mandamus ordering Judge Wayne Bridewell of the 249th District Court to grant Smirl's motion to disqualify Haynes & Boone, L.L.P. from representing the City of Mesquite in the underlying litigation. Because we believe that the language of the disciplinary rule Smirl relies upon does not mandate disqualification, we deny his petition for the writ.

When Smirl decided to sue the City in Johnson County his attorney, Dallas attorney Andrew Korn, contacted the Cleburne firm of MacLean & Boulware in an attempt to secure their services as local counsel. Korn testified that he spoke separately with both John MacLean and Dan Boulware about Smirl's suit in two different telephone calls late in February 1996. According to Korn, he "briefly discussed the parties and some of the facts and issues involved" during those calls.[1] However, Korn and MacLean & Boulware did not reach an agreement about their involvement in the suit, and Korn obtained different local counsel. The City retained Haynes & Boone to represent it in the litigation.

On April 22, 1996, the City filed it's response to Smirl's first set of interrogatories. John MacLean appeared as counsel on this response on behalf of the City along with Haynes & Boone. When Korn saw that MacLean was representing the City, he asked his local counsel to remind MacLean of his earlier contact regarding the case. Within a week, MacLean & Boulware withdrew from the case, and Haynes & Boone retained Curtis Pritchard as local counsel.

Smirl moved to disqualify Haynes & Boone and Pritchard, alleging that their representation violated rule 1.06 of the Texas Disciplinary Rules of Professional Conduct. TEX. DISCIPLINARY R. PROF. CONDUCT 1.06 (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2,

subtit. G app. A (Vernon Supp.1997) (STATE BAR RULES art. X, § 9). Haynes & Boone responded by arguing that the rule's prohibitions did not "extend outside the firm for which the lawyer prohibited from engaging in particular conduct works." After a hearing on the motion, Judge Bridewell denied Smirl's request, and he brought this mandamus action.

In this court, Smirl repeats his arguments from below, claiming that "[b]y switching sides to represent the Defendants in this case, an irrebuttable, conclusive presumption exists that MacLean & Boulware shared confidences with Haynes & Boone, L.L.P., and that Haynes & Boone, L.L.P. later shared those same confidences with [Pritchard]." For support, he relies on *National Medical Enterprises v. Godbey*, 924 S.W.2d 123 (Tex. 1996) and *Henderson v. Floyd*, 891 S.W.2d 252 (Tex.1995). Haynes & Boone again argues that the application of the rule is limited to the firm where the disqualified lawyer is employed.

▮▮▮ Rule 1.06 provides:

(a) A lawyer shall not represent opposing parties to the same litigation.

.    .    .    .    .

(f) If a lawyer would be prohibited by this Rule from engaging in particular conduct, no other lawyer while a member or associated with that lawyer's firm may engage in that conduct.

TEX. DISCIPLINARY R. PROF. CONDUCT 1.06 (1989). Given the context of the rule, "member" means "a partner or [a] shareholder in a professional corporation", and "associated with" refers to an "associate," which means a lawyer "on the payroll of a law firm as an employee." *Samuels v. Montgomery*, 793 S.W.2d 337, 340 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding [leave denied] ). Given the plain language of the rule, whether the disqualification required by rule 1.06 is to extend beyond the entity actually employing

---

1. John MacLean testified at the hearing on Smirl's motion to disqualify, both by affidavit and in person. He testified that he did not recall speaking to Korn about this suit but Dan Boulware recalled speaking with Korn once and declining Korn's request to join the suit as local counsel. MacLean stated that he and Boulware had not discussed the facts or strategies involved in the suit.

a lawyer is an issue that the drafters of the rules must confront themselves. Thus, because neither John MacLean nor Dan Boulware were "members" of or "associated with" Haynes & Boone, L.L.P. within the meaning of rule 1.06, the rule does not act to inhibit Haynes & Boone's or Pritchard's ability to continue in the suit after MacLean & Boulware has withdrawn.[2] *Id.*

Therefore, we deny Smirl's petition for a writ of mandamus.

2. We explicitly note that we are assuming that an attorney client relationship existed between Smirl and MacLean & Boulware. Clearly, if no relationship existed, the condition precedent of the rule would not be satisfied and we would not need to address the meaning of the phrase "associated with." However, for purposes of this opinion, we assume, but do not hold, that the necessary relationship was formed by Korn's contacts with MacLean & Boulware.