NUMBER 13-03-730-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DEAN PARK AND
CONSTRUCTION & 

REAL ESTATE INVESTMENT CORPORATION, INC.,        Appellant,

 

                                           v.

 

MEREDITH, DONNELL & ABERNETHY, 

A PROFESSIONAL CORP.,                                          Appellee.

 

 

 

                  On appeal from the 319th
District Court

                           of Nueces
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

       Before Justices Rodriguez,
Castillo, and Garza








                  Memorandum Opinion by Justice Castillo

 

By two issues,
appellants Dean Park and Construction & Real Estate Investment Corporation,
Inc., ("CREIC") appeal from three of four trial court orders.  Two orders disqualified counsel.[2]  Two other orders dismissed claims against
appellee Meredith, Donnell, & Abernethy, A Professional Corporation
("Law Firm").[3]  We affirm.

I.  Background

Dean Park, the
president of CREIC, filed a legal malpractice lawsuit pro se, alleging that
CREIC was forced to settle an underlying lawsuit for considerably less than its
value because the Law Firm lost a file and video tape entrusted to it as part
of its representation of CREIC in that underlying suit.  CREIC sought damages from the Law Firm in an
amount equal to the difference between the amount CREIC claimed in that
underlying suit and the settlement amount. 








The Law Firm first
filed a motion to dismiss the legal malpractice suit or, alternatively, to
strike CREIC's petition, asserting that (1) a corporation may not appear pro
se, and (2) Park, who signed the original petition, was not a licensed attorney
and could not file or appear on behalf of CREIC.  CREIC subsequently retained counsel, who
entered an appearance.  The Law
Firm filed a verified motion to disqualify CREIC's counsel on grounds that (1)
during the course of the underlying litigation, CREIC had discharged the Law
Firm and hired that same counsel; (2) that counsel had gone on to represent
CREIC in the underlying suit through settlement; (3) counsel had personal
knowledge of facts leading up to acceptance of the settlement and the alleged
harm to CREIC; and, (4) counsel was a material witness to establish essential
elements, including proximate cause, in the legal malpractice claim.  On August 27, 2003, the trial court granted
the motion to disqualify counsel.[4]  After the trial court disqualified CREIC's
counsel, that same counsel filed a petition to intervene in the legal
malpractice suit on behalf of Park, individually.  The unverified pleading asserted that CREIC
had assigned all interest in the legal malpractice lawsuit to Park.  On October 14, 2003, the trial court granted
the Law Firm's motion to dismiss CREIC's case on grounds that "the
corporation does not have standing to appear pro se."  CREIC does not appeal that order.  Park's plea in intervention remained the live
pleading.  

The Law Firm then
filed a second verified motion to disqualify counsel, asserting virtually the
same grounds as in the first motion to disqualify.  As an exhibit to its motion, the Law Firm
attached a letter from Park's retained counsel that states:

CREIC has assigned its
interest in the captioned litigation to Dean Park.  I represent Dean Park.  I believe I was disqualified only from
representing CREIC not Dean Park.  I may
voluntarily withdraw from representing Dean Park at some point since the same
rationale for disqualification may apply with respect to Dean Park as
CREIC.  I believe in view of the Court's
ruling Dean Park will at trial represent himself pro se.  I will serve as a witness.  Thanks. 

 








On November 12, 2003,
the trial court granted the Law Firm's motion to disqualify Park's counsel,
without stating the grounds.  

The Law Firm also
filed a motion to dismiss Park's plea in intervention on grounds that (1)
assignment of a legal malpractice case was invalid, and (2) Park could not have
brought all or part of the action in his own name.  On November 12, 2003, the trial court granted
the motion and dismissed Park's plea, without stating the grounds.  Neither Park nor counsel appeared at the
November 12, 2003, hearing.

Park filed a motion to
clarify and for new trial, asserting that the trial court erroneously dismissed
the entire lawsuit.  On November 14,
2003, the trial court denied the motion. 
On November 18, 2003, the trial court denied Park's motion to reconsider
his motion to clarify.  This appeal
ensued.

II.  Disqualification of Counsel

The trial court
entered two orders disqualifying counsel for CREIC and Park, as
intervenor.  By its first issue, CREIC
argues that the trial court erroneously disqualified counsel.[5]  The Law Firm counters that counsel was
disqualified because he would be a witness to essential facts in the legal
malpractice case.   

A.  Scope and Standard of Review








"Disqualification
is a severe remedy." Spears v. Fourth Court of Appeals, 797 S.W.2d
654, 656 (Tex. 1990) (orig. proceeding). 
We look to the Texas Disciplinary Rules of Professional Conduct as
guidelines that articulate considerations relevant to the merits of a motion to
disqualify.  See id.  The disciplinary rules were adopted by the
State Bar of Texas to establish the "minimum standards of conduct below
which no lawyer can fall without being subject to disciplinary action."  Tex.
Disciplinary R. Prof'l Conduct preamble & 7 (1989); Spears,
797 S.W.2d at 656.  The burden is
on the movant to establish with specificity a violation of one or more of the
disciplinary rules.  Spears, 797
S.W.2d at 656.  Mere allegations
of unethical conduct or evidence showing a remote possibility of a violation of
the disciplinary rules will not suffice under this standard.  Id.; see In re Users Sys. Servs.,
Inc., 22 S.W.3d 331, 334 (Tex. 1999) (orig. proceeding).  Under appropriate circumstances, a trial
court has the power to disqualify a lawyer even if the lawyer has not violated
a specific disciplinary rule.  In re
Users Sys. Servs., 22 s.W.3d at 336. 

We review a trial
court's ruling on a motion to disqualify under an abuse of discretion
standard.  Henderson v. Floyd, 891
S.W.2d 252, 254 (Tex. 1995) (per curiam). 
"[A] clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion and may result in appellate
reversal by extraordinary writ." In re E. I. DuPont de Nemours &
Co., 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam)
(quoting Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding)).

B.  Discussion








Park and CREIC argue
that their counsel's representation did not violate rule 3.08(a) of the
disciplinary rules of professional conduct and that the rule is
inapplicable.  See Tex. Disciplinary R. Prof'l Conduct 3.08,
reprinted in Tex. Gov't Code Ann.,
tit. 2, subtit. G app. A (Vernon 2005). 
The Law Firm responds that rule 3.08 is implicated because (1) counsel
had personal knowledge about the claimed undervalued settlement, (2) counsel's
testimony would be necessary to prove the essential element of proximate cause,
and (3) counsel's representation of his clients at trial would violate rule
3.08(a).[6]  In both its motions to disqualify, the Law
Firm cited only subsection (a) of disciplinary rule 3.08 to support
disqualification.  See Tex. Disciplinary R. Prof'l Conduct 3.08(a).  Disciplinary rule 3.08(a)[7]
prohibits a lawyer from continuing to represent a client if "the lawyer
knows or believes that the lawyer is or may be a witness necessary to establish
an essential fact on behalf of the lawyer's client."  Id.[8]  To establish grounds for disqualification
under rule 3.08(a), the moving party must present evidence that the lawyer's
testimony is "necessary" and goes to an "essential fact" of
the nonmovant's case.  In re Bahn,
13 S.W.3d 865, 872‑73 (Tex. App.BFort Worth 2000,orig.
proceeding).  








Though the violation
of a disciplinary rule is not essential, the parties focus on rule 3.08(a) as
the potential basis for disqualification in this case.  See In re Users Sys. Servs., Inc.,
22 S.W.3d at 334.  Both below and on
appeal, the Law Firm points to counsel's statement unequivocally admitting that
counsel would serve as a witness while Park would proceed pro se.  The parties do not dispute that counsel had
personal knowledge of the events leading up to and including settlement of the
underlying case from which the lawsuit against the Law Firm originated.  By its ruling, the trial court could have
reasonably concluded that the claimed loss of a videotape and file, coupled
with the claimed grounds for the undervalued settlement, were known to
counsel.  The trial court could, thus,
have reasonably concluded that, based on counsel's admission that he would be a
witness, counsel's testimony was necessary to establish that the claimed loss
was the proximate cause of the undervalued settlement, an essential element of
the legal malpractice claim.  Because we
conclude that the Law Firm sufficiently established that counsel's testimony
was "necessary" to establish an "essential element" of his
clients' cause of action against the Law Firm, we cannot conclude that the
trial court abused its discretion in granting disqualification.  We overrule the first issue presented.

III.  Dismissal of Intervention Petition

By the second issue,
Park asserts that the trial court erroneously dismissed Park's plea in
intervention because it was not a void assignment.  The Law Firm counters that the trial court
did not abuse its discretion by dismissing Park's pleading because the
assignment of CREIC's legal malpractice claim was void as a matter of law.  








Assuming without
deciding that the assignment is not void, because CREIC assigned its rights,
Park's complaint that the trial court erred in dismissing the intervention has
nevertheless been waived.[9]  This argument on appeal was not presented to
the trial court.  In his motion to
clarify and for new trial, Park asserts that while there was no opposition to
the dismissal of CREIC's claims (because CREIC no longer owned them), the trial
court's order erroneously extended to dismiss Park's claims in intervention as
well.  Park requested only that the court
clarify its order, such that it dismissed only CREIC's claims.  The trial court subsequently entered an order
denying the motion to clarify and motion for new trial.  In Park's motion to reconsider the motion to
clarify, no further argument was tendered.[10]

As a prerequisite to
presenting a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely request, objection or
motion.  Tex. R. App. P.
33.1(a)(1).  This issue or complaintBthat it was error to
dismiss Park's plea in intervention because the assignment was void--was never
raised before the trial court, and we conclude that error has been waived.  We overrule the second issue on appeal.

 

 








IV.  Conclusion

Having overruled the
two issues presented, we affirm.

ERRLINDA CASTILLO                                                                                                   Justice

 

Memorandum
Opinion delivered and filed

this
the 4th day of August, 2005.

 

 

 

 

 











[1] See Tex.
R. App. P. 47.2, 47.4.





[2] The same attorney represented both
Park and CREIC at various proceedings.  





[3] Park and CREIC do not appeal the
trial court's order dismissing CREIC's petition.  





[4] CREIC did not pursue relief at
that time.  In general, there is no other
adequate legal remedy available to review the grant or denial of a motion to
disqualify.  See In re Nitla S.A. de
C.V., 92 S.W.3d 419, 422(Tex. 2002) (orig. proceeding) (per curiam).





[5] 
Park is not identified as an appellant in this matter, although appeal
is clearly brought from two orders dealing with Park:  (1) an order to disqualify his counsel; and
(2) an order dismissing his intervention. 
We note Texas Rule of Appellate Procedure 44.3 which provides that a
court of appeals must not affirm or reverse a judgment for formal defects or
irregularities in appellate procedure.  Tex. R. App. P. 44.3.  Inasmuch as the same counsel is so
intricately involved in this process, and may have inadvertently omitted Park
as an appellant, we will presume Park, along with CREIC, brings this
appeal.  





[6] These same complaints were raised
in the Law Firm's underlying motions.  





[7] Exceptions identified by this rule
do not apply in this case. 





[8] Rule 3.08(a) states "[a]
lawyer shall not accept or continue employment as an advocate before a tribunal
in a contemplated or pending adjudicatory proceeding if the lawyer knows or
believes that the lawyer is or may be a witness necessary to establish an
essential fact on behalf of the lawyer's client."  





[9] We note the Law Firm's argument
that CREIC, as assignor of the claims being pursued in the intervention, is no
longer owner of those claims and therefore has no standing to complain of
claims brought by another party, Park. 
We have presumed that Park, along with CREIC, brings this appeal.  See n.4 above.  





[10] This motion, in its entirety,
reads: "Dean Park respectfully asks the Court to reconsider Motion to
Clarify."