COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

CIMARRON
AGRICULTURAL, LTD. and         )

KEMP SMITH, L.L.P.,                                         )              
No.  08-05-00120-CV

                                                                              )

Appellants,                         )                    Appeal from the

                                                                              )

v.                                                                           )                 
205th District Court

                                                                              )

GUITAR HOLDING COMPANY,
L.P.,              )           
of Hudspeth County, Texas

                                                                              )

Appellee.                           )                     (TC# 3795-205)

                                                                              )

 

 

O
P I N I O N

 

On appeal,[1]
Kemp Smith L.L.P. and Cimarron Agricultural, Ltd. (ACimarron@)
challenge the trial court=s
disqualification of  Kemp Smith.  Specifically, Kemp Smith challenges the trial
court=s order
disqualifying it from:  (1) representing
Cimarron in the underlying litigation; and (2) representing Cimarron
in all future litigation before the Hudspeth County Underground Water
Conservation District in which Guitar Holding Company, L.P. (AGuitar@)
is also a party.  We affirm in part and
vacate in part.








In 1990, the Hudspeth
County Underground Water Conservation District No. 1 (the ADistrict@)
adopted rules regarding the use of underground water.  In 1999, Phil Guitar hired the law firm of
Kemp Smith to perform some work in connection with the then current rules.  In 2000, Cimarron
began to acquire land situated within the jurisdiction of the District.  Cimarron
retained Kemp Smith in order to obtain validation permits, obtain permits for
transferring water outside of the District, and generally to represent its
interests before the board.

As a result of
amendments to the Texas Water Code in 2001, the District was required to either
amend the then current rules, or adopt new rules in their place.  In 2002, the District adopted new rules
regarding the use of underground water. 
Thereafter, Guitar filed a petition seeking:  (1) a writ of mandamus ordering the District
to proceed with its pending groundwater applications; (2) a temporary
injunction enjoining the District from issuing permits based upon the District=s new rules; and (3) a declaratory
judgment that the new rules were unconstitutional.  Cimarron and
other landowners in the District intervened in the lawsuit.  Cimarron was
represented by Kemp Smith.








Guitar moved to
disqualify Kemp Smith under Rule 1.09(a) of the Texas Disciplinary Rules of
Professional Conduct alleging that Kemp Smith=s
prior representation of Guitar prevented it from representing Cimarron
in the suit.  A hearing was held and the
trial court granted Guitar=s
motion to disqualify Kemp Smith.  After
the trial court entered the order, Cimarron
petitioned this Court for a writ of mandamus. 
This Court denied Cimarron=s petition, finding no clear abuse of
discretion.  See In re Cimarron
Agricultural, Ltd., 08-03-00215-CV, 2003 WL 21125562 (Tex.App.--El Paso May 16, 2003,
orig. proceeding [mand. denied]).  On
November 6, 2003, Kemp Smith withdrew as attorney of record in the underlying
suit but intervened seeking a rehearing and modification of the trial court=s order.

After a trial on
the merits, the court entered an order upholding the validity of the new
rules.  The trial court then held a
hearing on the motion for rehearing and modification of the earlier order
disqualifying Kemp Smith.  After the
hearing, the trial court entered an order severing the disqualification issues
into a separate cause.  Judgment was
entered on the severed action denying Kemp Smith=s
request to modify the order.  Cimarron and Kemp Smith timely filed notice of appeal.

Standard
of Review

We review the
trial court=s denial
of a motion to disqualify under an abuse of discretion standard.  See National Medical Enterprises, Inc. v.
Godbey, 924 S.W.2d 123, 132 (Tex.
1996); Arzate v. Hayes, 915 S.W.2d 616, 618 (Tex.App.‑-El Paso
1996, writ dism=d).  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court=s
action.  Arzate, 915 S.W.2d at
618-19.  Instead, it is a question of
whether the trial court acted without reference to any guiding rules and
principles or whether the act was arbitrary and unreasonable.  Metropolitan Life Ins. Co. v. Syntek
Finance Corp., 881 S.W.2d 319, 321 (Tex.
1994); Arzate, 915 S.W.2d at 619. 
The fact that a trial judge may decide a matter within his or her
discretion in a different manner than an appellate judge in a similar
circumstance does not demonstrate that an abuse of discretion has
occurred.  Arzate, 915 S.W.2d at
619.  We may not substitute our judgment
for that of the trial court.  Syntek
Finance Corp., 881 S.W.2d at 321.

Appellee=s motion to disqualify Appellant was
premised on Rule 1.09 of the Texas Disciplinary Rules of Professional
Conduct.  Rule 1.09 states in relevant
part: 








(a)        Without prior consent, a lawyer who
personally has formerly represented a client in a matter shall not thereafter
represent another person in a matter adverse to the former client:

 

(1)        in which such other person questions the
validity of the lawyer=s
services or work product for the former client;

 

(2)        if the representation in reasonable
probability will involve a violation of Rule 1.05 [Confidentiality of
Information]; or

 

(3)        if it is the same or a substantially
related matter.

 

Tex.Disciplinary
R.Prof=l Conduct 1.09, reprinted in Tex.Gov=t Code Ann., tit. 2, subtit. G app. A (Vernon Supp. 2006).

 

Disqualification
is a severe remedy which can result in immediate harm by depriving a party of
the right to have counsel of its choice.  Spears v. Fourth Court of Appeals, 797
S.W.2d 654, 656 (Tex.
1990).  Accordingly, in ruling on a
motion to disqualify, the trial court must strictly adhere to an exacting
standard to discourage use of disqualification as a dilatory trial tactic.  Id.; see
also In re Meador, 968 S.W.2d 346, 350 (Tex. 1998). 
The movant bears the burden of proving that the attorney should be
disqualified.  Spears, 797 S.W.2d
at 656.








Mere allegations
of unethical conduct or evidence showing a remote possibility of a violation of
the disciplinary rules will not suffice under the Aexacting
standard@ required
to grant a motion to disqualify.  Spears,
797 S.W.2d at 656; Meador, 968 S.W.2d at 350.  Rather, the movant must Aprovide the trial court with sufficient
information so that it can engage in a painstaking analysis of the facts.@ 
Ghidoni v. Stone Oak, Inc., 966 S.W.2d 573, 579 (Tex.App.--San
Antonio 1998, pet. denied), citing J.K. & Susie L. Wadley Research Inst.
& Blood Bank v. Morris, 776 S.W.2d 271, 278 (Tex.App.--Dallas 1989,
orig. proceeding).  A movant is not
required to reveal any confidences, but must Adelineate
with specificity the subject matter, issues and causes of action presented in
[the] former representation.@  Id.

Although the Texas
Disciplinary Rules of Professional Conduct do not determine whether former
counsel should be disqualified in any subsequent litigation, they do provide
guidelines and suggest the relevant considerations.  Godbey, 924 S.W.2d at 132; Henderson,
891 S.W.2d at 254.  We note that there is
no absolute prohibition against an attorney representing a new client in a
matter involving a former client.  See
Tex.Disciplinary R.Prof=l Conduct 1.09 cmt. 3. For
disqualification to be appropriate based on Rule 1.09, the pending litigation
must be adverse to the former client as well as substantially related to the
prior representation.  Tex.Disciplinary R.Prof=l Conduct 1.09(a); 1.09(a)(3); see
also Godbey, 924 S.W.2d at 132; Coker, 765 S.W.2d at 399‑400; In
re Butler, 987 S.W.2d 221, 224 n.1 (Tex.App.--Houston [14th Dist.] 1999, no
pet.).

AAdversity@
is a product of the likelihood of the risk and the seriousness of its
consequences.  Godbey, 924 S.W.2d
at 132.  When evaluating risk, a court
need not only focus on the relationship a party bears to a pending litigation,
but rather the effect former counsel=s
participation in that litigation may have on the interests of a former client
in a substantially related matter.  See
id. at 132-33; see also In re Roseland Oil & Gas Inc., 68 S.W.3d
784, 787 (Tex.App.--Eastland 2001, orig. proceeding).  Even if the risk that a former client will be
affected by counsel=s
participation in subsequent litigation is small, if the consequences to the
former client are great, then disqualification is appropriate.  See Godbey, 924 S.W.2d at 133.  As stated by the Court, A[t]he chances of being struck by
lightning are slight, but not slight enough, given the consequences, to risk
standing under a tree in a thunderstorm.@  Id.








To show that the
matters are Asubstantially
related,@ a moving
party must prove the existence of a prior attorney‑client relationship in
which the factual matters involved were so related to the facts in the pending
litigation that it creates a genuine threat that confidences revealed to his
former counsel will be divulged to his present adversary.  Coker, 765 S.W.2d at 400; see also
Home Insurance Company v. Marsh, 790 S.W.2d 749, 753 (Tex.App.--El Paso
1990, orig. proceeding).  The test Aspeaks in terms of a substantial relationship,
not substantial identity, of legal and factual elements between the
prior representation and the pending litigation.@  [Emphasis in original].  Marsh, 790 S.W.2d at 753.  The burden of showing a Asubstantial relationship@ between two matters requires evidence
of specific similarities capable of being recited in the disqualification
order.  Coker, 765 S.W.2d at
400.  If this burden can be met, the
moving party is entitled to a conclusive presumption that confidences and
secrets were imparted to the former attorney. 
Id.

In Issues One and
Two, Appellant challenges only that portion of the order disqualifying it from
all future representation of Cimarron.[2]  Specifically, in Issue One, Appellant argues
that the trial court abused its discretion when it disqualified Appellant from
representing Cimarron in unknown future
matters.  The order of the trial court
states in relevant part:

It is further ORDERED
that Kemp Smith, LLP shall be, and hereby is, disqualified from representing
Cimarron Agricultural, Ltd. in any proceeding before the Hudspeth County
Underground Water Conservation District No. 1 in which Guitar Holding Company,
LP is also a party.  This Order shall not
preclude Kemp Smith, LLP undertaking the representation of Cimarron
Agricultural, Ltd. in the event prior consent to such representation is given
by Guitar Holding Company, LP.

 








The order barred
all future representation in which Guitar is a party, without an individualized
determination of whether any future action would be adverse or substantially
related to the representation of the former client.  For this Court to find that the trial court
did not abuse its discretion, we must find that all future representation by
Kemp Smith would be both adverse and substantially related.  See Godbey, 924 S.W.2d at 132.  We are unable to do so based on the record
before us.  The appropriate test for
determining disqualification is clear and each case is factually specific.  Not only must a court Apainstakingly
review@ the
matter, the court must rely upon facts that are capable of being specifically
recited in the order.  Coker, 765
S.W.2d at 400; Ghidoni, 966 S.W.2d at 579.  In this case, any finding sufficient to
disqualify Kemp Smith from future representation would be speculative at
best.  Indeed, the trial court made no
finding that any subsequent litigation involving the parties before the
District would either be adverse or substantially related.

Assuming, arguendo,
that all subsequent litigation involving Guitar would be substantially related
to the prior representation by Appellant, we cannot say that all future
representation would also be adverse. 
There is simply nothing in the record to support that contention.  On the contrary, Appellant presents a
scenario in which both parties might intervene to protest a third party
permit.  In such a case, the parties
might actually be aligned and yet the order would still require Appellant to be
disqualified.[3]








A trial court
abuses its discretion in granting a motion to disqualify if no evidence is
presented proving that disqualification is warranted.  In re Chonody, 49 S.W.3d 376, 380
(Tex.App.--Fort Worth 2000, orig. proceeding). 
In determining that the trial court abused its discretion in
disqualifying Appellant from all future representation, we express no opinion
on whether Appellant would actually be disqualified in any future matter that
might arise before the Hudspeth County Underground Water Conservation
District.  That determination would be
solely within the discretion of the trial court and made upon the facts
presented at the time any future motion to disqualify is made.  Therefore, Issue One is sustained.  Because we have sustained Issue One, we do not
reach Issue Two or its related points.

In Issue Three,
Appellant attacks the trial court=s
order generally, arguing that AThe
Trial Court Erred in Disqualifying Kemp Smith because GHC Did Not Show Actual
Prejudice Caused by a Rule Violation.@  In other words, Appellant is arguing that in
addition to requiring a party to show that the pending litigation is adverse
and substantially related to the prior litigation, the party seeking
disqualification must also show actual prejudice.

Appellant first
states that A[t]he
trial court erred in making a conclusive, irrebutable presumption that
disqualification is required upon a finding of a Disciplinary Rule violation.@ 
Appellant cites the trial court=s
conclusion of law number twenty-six which reads in part A[b]ecause
there is a substantial relationship between the subject matter of Kemp Smith=s past representation of the Guitar
family and its current representation of Cimarron,
a conclusive, irrebuttable presumption requiring disqualification arises.@ 
Appellant contends the trial court erred in granting the motion to
disqualify because it relied solely on Coker.  Appellant suggests Coker is no longer
a correct statement of law because a party seeking disqualification must now
show actual prejudice as a result of a rule violation.  We disagree.








Appellant takes
the position that the Texas Supreme Court decisions of Ayers v. Canales,
790 S.W.2d 554 (Tex. 1990) and Henderson v.
Floyd, 891 S.W.2d 252 (Tex.
1995) require a party seeking disqualification to prove actual prejudice.[4]  We do note that Ayers dealt with Rule
3.08, and Comment 10 indicates that in order to disqualify an attorney under
this section, a party must prove actual prejudice.  Tex.Disciplinary
R.Prof=l Conduct 3.08, cmt. 10 (In order to
prevent misuse of the rule, a trial court should require the party seeking disqualification
to demonstrate actual prejudice to itself resulting from the opposing lawyer=s service in the dual roles of lawyer
and witness); Ayres, 790 S.W.2d at 558. 
There is, however,  no comparable
provision in the comments to Rule 1.09.

Appellant relies
on a single statement in Henderson
that ARule 1.09
cannot be an absolute test for disqualification of counsel . . .@ as indicating that a party must show
actual prejudice when seeking disqualification of opposing counsel.  Henderson,
891 S.W.2d at 254.  We read Henderson as
standing only for the proposition that disqualification cannot be based solely
on a violation of a disciplinary rule. 
Rather, the Texas Rules of Professional Conduct should guide a court in
making its determination of whether or not disqualification is appropriate in
any given case.  Id. at 253.








Additionally,
Appellant points to In re Epic Holdings, Inc., 985 S.W.2d 41, 52 (Tex. 1998) for the
proposition that a party seeking to disqualify opposing counsel must
demonstrate actual prejudice.  Appellant
relies on the statement from Epic that A[t]he
question remains whether Anderson=s counsel should be disqualified
because their representation of Anderson
is prohibited by Rule 1.09.@  Epic, 985 S.W.2d at 52.  But, contrary to Appellant=s assertion, this case does not
indicate to us that actual prejudice must be shown by a party seeking disqualification.

The Court in Epic
first determined whether Rule 1.09 prohibited the
representation.  Id.  
Finding the answer in the affirmative, the Court then determined whether
or not counsel should have been disqualified in light of the policy concerns
embodied in Rule 1.09.  Id. 
The Court=s
analysis is consistent with the general rule that Texas Disciplinary Rules of
Professional Conduct are not controlling as standards governing motions to
disqualify, but rather should be viewed by courts as guidelines that articulate
considerations relevant to the merits of such motions.  Spears, 797 S.W.2d at 656; see also
In re Skiles, 102 S.W.3d 323, 326 (Tex.App.--Beaumont 2003, orig.
proceeding)(rules do not determine whether counsel should be disqualified but
rather are the starting point for an analysis). 









We do not see how
this two-step analysis indicates that a heightened standard is now required
when disqualification is based on Rule 1.09. 
There is a common thread in both Henderson
and Epic, and it is simply that a court should not disqualify
counsel based solely on whether a violation of the Texas Disciplinary Rules of
Professional Conduct has occurred. 
Rather, disqualification is only appropriate after considering the
policy considerations embodied in the rule in light of the facts of the
case.  See Epic, 985 S.W.2d at 52;
COC Services, Ltd. v. CompUSA, Inc., No. 05‑01‑00865‑CV,
2002 WL 1792479, at *3 (Tex.App.‑-Dallas Aug. 6, 2002, no pet.)(not
designated for publication).  Despite
Appellant=s
assertion to the contrary, there is simply nothing in either Ayers or Henderson which
would indicate that a party must show actual prejudice before disqualification
is appropriate.  Having found that a
party need not demonstrate actual prejudice when seeking a disqualification
based on Rule 1.09(a)(3), Issue Three is overruled.

Accordingly, we
affirm that portion of the trial court=s
order disqualifying Appellant from representing Cimarron
in the underlying litigation.  However,
because the trial court did not determine whether future litigation would be
adverse and substantially related to Appellant=s
representation of Cimarron, we vacate that
portion of the order addressing future representation.

 

 

August
31, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
Appellant sets out five issues for our consideration.  For simplicity and clarity, we will
consolidate the five issues as follows: 
(1) Appellant=s
Issues One and Two as whether the trial court abused its discretion by
disqualifying Kemp Smith from representing Cimarron in furture cases before the
Hudspeth County Underground Water Conservation District No. 1; (2) Issues Three
and Four as whether the trial court lacked jurisdiction to disqualify Kemp
Smith in unknown future matters; and (3) Issue Five as whether the moving party
must show actual prejudice before disqualification is appropriate.





[2]
Appellee argues that Kemp Smith does not have standing to challenge the
disqualification order.  However, the
notice of appeal was filed jointly by Cimarron
as a defendant and Kemp Smith as an intervenor. 
Regardless of whether Kemp Smith has standing individually, Cimarron does have standing to assert the claims raised
in this appeal.





[3]
This is not to say where parties are aligned, there will never be
adversity.  On the contrary, adversity
can exist even when the parties=
interests are seemingly aligned.  See
e.g. Wasserman v. Black, 910 S.W.2d 564, 568 (Tex.App.--Waco 1995, orig.
proceeding).





[4]
Appellant also directs our attention to In re Nitla, 92 S.W.3d 419,
422-23 (Tex. 2002) (trial counsel reviewed
privileged documents of opponent); In re Meador, 968 S.W.2d 346, 349 (Tex. 1998)(client
provided counsel with improperly obtained, privileged documents of opponent);
and In re Users Sys. Inc., 22 S.W.3d 331, 332 (Tex. 1999)(lawyer met with opposing party
without counsel of record present). 
However, each of these cases dealt with an opposing lawyer=s conduct and we find them inapplicable
to the case before us.