

**NUMBER 13-11-00145-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE EMEX HOLDINGS L.L.C.

## On Petition for Writ of Mandamus.

# DISSENTING MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Dissenting Memorandum Opinion by Justice Garza

I agree with most of the Court's analysis but disagree with the uncompromising nature of the Court's ultimate directive to the trial court. In particular, I disagree with the Court's failure to apply the approach taken by the Texas Supreme Court in *Henderson v. Floyd*, 891 S.W.2d 252 (Tex. 1995) (orig. proceeding). As the majority notes, the *Henderson* Court noted that the real party in interest in that case, Reed, raised factual issues for the first time on appeal which, if proven correct, would have had ramifications on the outcome of the underlying motion. *See id.* at 254–55. The Court properly

concluded that the real party in interest's contention[1] "should be addressed in the first instance by the district court" and noted that the trial court is not precluded "from considering changed circumstances which would cast relator's motion . . . in a different light." *Id.* at 255. The *Henderson* Court therefore conditioned its granting of mandamus relief on the absence of such changed circumstances. *Id.*

I would adopt that approach in the instant case. The Naims contend that the Mexican appellate court rendered a final judgment holding that rescission is unavailable—and that this judgment was announced *after* the trial court made the challenged ruling which denied enforcement of the forum selection clause. The Naims further contend that, as a result of the Mexican court's action, they amended their petition in the trial court to remove claims that involve the "construction of" or "compliance with" the Joint Venture Agreement, the Modification Agreement, or the Pledge Agreement. Essentially, the Naims are arguing that new facts have come to light since the trial court made its ruling that would have an effect on the merits of that ruling. This is precisely analogous to the situation in *Henderson.* Yet, the Court today rigidly directs the trial court to enforce the forum selection clause without allowing it to consider relevant changed circumstances.

Of course, I agree with the "fundamental tenet of appellate practice" which requires us to review the actions of the trial court based only on the record before the trial court at the time it made its ruling. *See, e.g., Beard v. Comm'n for Lawyer Discipline*, 279 S.W.3d 895, 902 (Tex. App.—Dallas 2009, pet. denied) (citing *Methodist*

---

[1] The precise substance of Reed's contention—that the relator waived his right to disqualify counsel by failing to move to stay the proceedings while the motion for rehearing was pending, 891 S.W.2d 252, 254 (Tex. 1995) (orig. proceeding)—is irrelevant here. The important fact is that Reed raised a factual issue that (1) arose too late to have been brought to the attention of the trial court or to be considered by the appellate court and (2) which could have impacted the merits of the underlying motion.

*Hosps. v. Tall*, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.)).  But I do not see how this tenet would be violated by making our directive contingent on the absence of changed circumstances that would, in the words of *Henderson*, "cast [the motion to enforce the forum-selection clause] . . . in a different light."[2]  I disagree that such an approach would be akin to "asking the trial court to hit a moving target"; it would merely allow the trial court to make a decision based on all the available facts.  The Court's failure to take that approach in this case binds the trial court to make its decision on old, possibly obsolete facts, and thereby unnecessarily risks a miscarriage of justice.

I respectfully dissent.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
21st day of June, 2012.

---

[2] Similarly, I do not believe that the Texas Supreme Court violated this "fundamental tenet of appellate practice" in *Henderson* by conditioning its directive on the absence of changed circumstances that would "cast relator's motion . . . in a different light."  *Id.* at 255.

3