

NUMBER 13-11-00145-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE EMEX HOLDINGS L.L.C.

### On Petition for Writ of Mandamus.

# CONCURRING MEMORANDUM OPINION
# ON RECONSIDERATION

**Before the Court En Banc**
**Concurring Memorandum Opinion on Reconsideration**
**by Justice Perkes**

I agree with the Court's basic holding that the mandamus should be granted, but concur because I believe our opinion of June 21, 2012, correctly disposed of the Naims' contention that we should be able to consider recent changes in the procedural posture of the case. *See In re Emex Holdings, L.L.C.*, No. 13-11-00146-CV, 2012 WL 2354837 at *11 (Tex. App.—Corpus Christi June 21, 2012, orig. proceeding)(mem. op)..The Naims have shown no reason for conditioning mandamus relief on further trial court

proceedings.

Citing *Henderson v. Floyd*, 891 S.W.2d 252 (Tex. 1995) (per curiam), the Naims contend that we should not direct the trial court to enforce the forum-selection clause because the trial court should be given the opportunity to consider recent changes in the procedural posture of this case, specifically including the effect of a "final judgment" issued by the court of appeals in Mexico.

I believe the majority's reliance on *Henderson* is misplaced. In *Henderson,* the Texas Supreme Court conditionally granted mandamus relief directing the trial court to vacate its order denying a motion for disqualification of counsel. *Id.* at 255. However, the court specifically noted that the real party in interest contended that the relator waived his right to disqualify counsel by failing to move to stay the proceedings while the motion for rehearing was pending. *Id.* at 254–55. The court held that the real party's "contention involves factual assertions that should be addressed in the first instance by the district court, and our opinion today does not preclude the district court from considering changed circumstances which would cast relator's motion for disqualification in a different light," but "[a]bsent such circumstances, however, [counsel is] disqualified." *Id.* at 255.

As we stated in our original opinion, *Henderson* stands for the proposition that there may be instances where it is appropriate to allow the trial court to consider new factual assertions or changed circumstances; however, I do not believe that the doctrine applies in this case for the reasons stated in our original opinion. *Henderson* is different

from this case because there, the party raising changed circumstances relied upon its opponent's conduct to justify further trial court action. The *Henderson* Court opined that the law firm was disqualified because an employee worked on the case for opposing counsel. *Id.* at 255. Here, the Naims are relying on their own conduct as evidence of changed circumstances.

As we stated in our original opinion, it is axiomatic that an appellate court review the actions of the trial court based on the record before the court at the time it makes its ruling. *In re Emex*, 2012 WL 2354837, at *11; s*ee Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding) (concluding that where evidence and rule changes were not presented to the trial court, they did "not form a basis for us to find that the trial court abused its discretion in this mandamus proceeding"); *Sabine OffShore Serv., Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979) (orig. proceeding) (holding that in an original proceeding, the appellate court may not consider evidence that was not part of the record before the trial court except to decide its own jurisdiction); *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, (orig. proceeding) ("We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding."); *see also Methodist Hosps. v. Tall*, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.) ("It is axiomatic that an appellate court review actions of a trial court based on the materials before the trial court at the time it acted."). Thus, I would adhere to our original holding.

For the above reasons, I concur.

GREGORY T. PERKES

3

Justice

Delivered and filed the
18th day of April, 2013.