METROPOLITAN LIFE INSURANCE COMPANY, Methotels, Inc., Doubletree, Inc., Fred Arnold and Steven T. Cates, Petitioners,

v.

SYNTEK FINANCE CORPORATION, Respondent.

No. 94–0443.

Supreme Court of Texas.

June 22, 1994.

Rehearing Overruled Sept. 8, 1994.

Carrie L. Huff, Sharon N. Freytag, Nina Cortell, George W. Bramblett, Jr., Dallas, for petitioners.

John W. Bickel, William A. Brewer, III, James S. Renard, M.J. Krzys, Dallas, for respondent.

PER CURIAM.

This case turns on the application of the "substantial relationship" test for attorney disqualification based on prior representation of the same or a related client. Following a lengthy hearing, the trial court overruled a motion to disqualify counsel filed by Syntek Finance Corporation. After a jury trial, a judgment for approximately $6.7 million was rendered in favor of Metropolitan Life Insurance Company. The court of appeals reversed that judgment and remanded the case for a new trial, holding that the trial court abused its discretion when it denied Syntek's motion for disqualification of counsel. 880 S.W.2d 26. We reverse the judgment of the court of appeals and remand the case to that court for consideration of points of error not previously addressed.

Gene Phillips owns a controlling interest in Syntek and several other related companies. In 1986, the law firm of Hughes & Luce represented Phillips in a divorce and subsequently drafted a prenuptial agreement. In the course of that representation, Phillips disclosed his personal financial status to Hughes & Luce, including the intricate structure of his various companies. This suit, filed by Syntek in April 1989, arises out of a hotel Syntek purchased from Metropolitan. Hughes & Luce attorney Richard Nelson represented Metropolitan. Nelson made an initial conflicts check and determined to his satisfaction that there was no conflict of interest due to the firm's previous representation of Phillips.

After nearly two years of pretrial activity, Nelson acquired information about Phillips' possible involvement in Syntek's decision to stop loan payments to Metropolitan. Nelson again reviewed the circumstances of his firm's former representation of Phillips and once more satisfied himself that there was no substantial relationship between the two representations. Nelson then amended Metropolitan's pleadings to include new allegations concerning Phillips' involvement. In response, Syntek and Phillips filed a motion to disqualify Hughes & Luce. The trial court denied the motion.

■ Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct provides that a lawyer shall not take a representation that is adverse to a former client if the new matter "is the same or a substantially related matter." TEX. DISCIPLINARY R. PROF. CONDUCT 1.09(a)(3) (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G. app. (Vernon Supp.1993) (STATE BAR RULES art. X, § 9). In *NCNB Tex. Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989), we stated that to satisfy the substantial relationship test as a basis for disqualification a movant must prove that the facts of the previous represen-

tation are so related to the facts in the pending litigation that a genuine threat exists that confidences revealed to former counsel will be divulged to a present adversary. *Id.*

■ The disqualification hearing consumed five days. The trial court heard live and deposition testimony from fourteen fact witnesses concerning the previous and pending representations, and from five expert witnesses concerning the *Coker* standard. There was testimony that the information at issue was both available in the public domain and provided to Metropolitan by Syntek through discovery. There was also testimony that the information used in the amended pleadings was available to the public through an examiners' report from a bankruptcy proceeding against one of the companies controlled by Phillips. The trial court also conducted an in camera review of documents from the former representation.

The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or acted in an arbitrary or unreasonable manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). We hold that on the evidence presented, based on the *Coker* standard, it was not an abuse of discretion for the trial court to conclude that no substantial relationship existed between the former and current representations and to deny the motion to disqualify.

We therefore conclude that the court of appeals improperly substituted its judgment for that of the trial court. *See Flores v. Fourth Court of Appeals,* 777 S.W.2d 38, 41–42 (Tex.1989). Accordingly, a majority of the court grants Metropolitan's application for writ of error, and without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of Syntek's other points of error which it did not previously address. Tex.R.App.P. 170.