**CENTERLINE INDUSTRIES, INC., Relator**

v.

**Honorable Gene KNIZE, Judge, 40th District Court, Ellis County, Texas, Respondent.**

No. 10–95–014–CV.

Court of Appeals of Texas, Waco.

March 15, 1995.

Pat Beard, Beard & Kultgen, Waco, for Relator Centerline Industries.

Warwick H. Jenkins, Jenkins & Jenkins, P.C., Waxahachie and Robert E. Rader, Jr., Rader, Campbell, Fisher & Pyke, P.C., Dallas, for real party in interest W.B. (Bryce) Anderson.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

### OPINION

VANCE, Justice.

Bryce Anderson (Anderson) sued Centerline Industries, Inc. (Centerline) and others in the district court of Ellis County. Robert

E. Rader, Jr. and the firm of Rader, Campbell, Fisher & Pyke represent Anderson. Centerline asked Respondent, the Honorable Gene Knize, Judge of the 40th Judicial District Court, to disqualify Rader and his firm because he had previously represented Centerline in a "substantially related matter." *See* TEX.DISCIPLINARY R.PROF.CONDUCT 1.09 (1991), *reprinted in* TEX.GOV'T CODE ANN. tit. 2. subtit. G app. (Vernon Supp.1995) (STATE BAR RULES art. X, § 9). Respondent denied Centerline's motion.

Centerline asserts in a petition for a writ of mandamus that Respondent abused his discretion in denying the motion because Rule 1.09 clearly and specifically disqualifies Rader and his firm and because both the Texas Supreme Court and the Fifth Circuit have interpreted the rule so as to disqualify him. *See id.; NCNB Texas Nat'l Bank v. Coker,* 765 S.W.2d 398 (Tex.1989) (orig. proceeding); *In re American Airlines, Inc.,* 972 F.2d 605 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993). Anderson, the real party in interest, opposes the petition.

■ A writ of mandamus may be issued to correct a "clear abuse of discretion." *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Issuance of a writ of mandamus is limited to those instances in which no adequate remedy by appeal exists. *Id.* at 840; *Jampole v. Touchy,* 673 S.W.2d 569, 572–73 (Tex.1984) (orig. proceeding). Disqualification of counsel is a proper subject of a mandamus proceeding. *Coker,* 765 S.W.2d at 400.

■ Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct, entitled "Conflict of Interest: Former Client," provides in pertinent part:

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

. . . . .

(2) if the representation in reasonable probability will involve a violation of Rule 1.05; or

(3) if it is the same or a substantially related matter.

TEX.DISCIPLINARY R.PROF.CONDUCT 1.09. Subsection (b) of the rule extends an individual lawyer's conflict to members of the lawyer's firm under most circumstances. *Id.*

Anderson makes no claim that the matter now before the District Court is not "substantially related" to the former matter in which Rader represented Centerline. *See id.* Indeed, he concedes that it is. He does not assert that Rader had no attorney-client relationship with Centerline. He does not suggest that the disqualification, if granted, should not extend to Rader's firm. Instead, he contends that the court was correct in refusing to disqualify Rader because: (1) the comment to the rule shows that it was intended to apply only when there is a threat that confidential communications might be disclosed and, because all confidences that Radar obtained from Centerline have been publicly disclosed in another proceeding, the rule does not apply in this case; and (2) the Supreme Court has interpreted the rule in a manner consistent with that view of the comment. *See id.; Metropolitan Life Ins. Co. v. Syntek Finance Corp.,* 881 S.W.2d 319 (Tex. 1994) (per curiam).

The comment published with the rule, after discussing subparagraph (a)(2) and the "same" provision of subparagraph (a)(3), states in part:

The "substantially related" aspect, on the other hand, has a different focus. Although that term is not defined in the Rule, it primarily involves situations where a lawyer could have acquired confidential information concerning a prior client that could be used either to that prior client's disadvantage or for the advantage of the lawyer's current client or some other person. It thus largely overlaps the prohibition contained in paragraph (a)(2) of this Rule.

TEX.DISCIPLINARY R.PROF.CONDUCT 1.09 cmt. 4A.[1] However, subsection (a)(3) of the rule

---

1. The applicable part of the comment was renumbered as paragraph 4B by the State Bar Board of Directors on September 16, 1994, as noted in 890 S.W.2d C, CI.

is stated in plain language and its meaning is clear. *Id.* 1.09(a)(3). We believe that it establishes a simple prohibition: Without a former client's consent, a lawyer should not represent another person in a matter adverse to the former client when the lawyer represented the former client in the same matter or a substantially related matter. *Id.*

In *Coker,* the Supreme Court held that, once the matters are shown to be substantially related, the former client "is entitled to a conclusive presumption that confidences and secrets were imparted to the former attorney." *Coker,* 765 S.W.2d at 400. A former client "is not forced to reveal the very confidences he wishes to protect." *Id.* Further, in many instances it will be virtually impossible to show that a former lawyer has or will reveal confidences. *Henderson v. Floyd,* 891 S.W.2d 252 (Tex.1995) (orig. proceeding) (per curiam). A party should not be required to do so. *Id.* Once a substantial relationship is proven, the trial court must then perform its role in the internal regulation of the legal profession and disqualify counsel in the pending litigation. *Coker,* 765 S.W.2d at 400.

In *American Airlines,* the Fifth Circuit reaffirmed that a federal district court "is *obliged* to take measures against unethical conduct occurring in connection with any proceeding before it." *American Airlines,* 972 F.2d at 611. Relying on its prior *Brennan's* decision, the Court recognized two concerns underlying the substantial relationship test: the duty to preserve confidences and the duty of loyalty to a former client. *Id.* at 618 (citing *Brennan's Inc. v. Brennan's Restaurants, Inc.,* 590 F.2d 168 (5th Cir.1979)). "As these decisions suggest, the existence of a lawyer's duty of loyalty means that the substantial relationship test is not solely concerned with the adverse use of confidential information." *Id.* Thus, the Court rejected the "actual fairness" test proposed by the former lawyer as being too narrow an inquiry. *Id.* at 619. Because, the court said, the substantial relationship test is concerned with both a lawyer's duty of confidentiality and his duty of loyalty, a lawyer who has given advice in a substantially related matter must be disqualified, *whether or not he has gained confidences. Id.* Applying that rationale to the case at hand, we believe that, if two matters are substantially related so that Rule 1.09(a)(3) is brought into play, it should make no difference whether the lawyer gained no confidences or whether all the confidences gained have been publicly disclosed. *See id;* TEX.DISCIPLINARY R.PROF.CONDUCT 1.09(a)(3). This interpretation is consistent with the fact that subsections 1.09(a)(2) and (a)(3) present alternative grounds of conflict. TEX.DISCIPLINARY R.PROF.CONDUCT 1.09(a)(2), (3).

Anderson's reliance on *Syntek* is misplaced. *See Syntek Finance,* 881 S.W.2d 319. There, the former matter was a divorce and prenuptial agreement of Syntak's controlling owner resulting in the disclosure of personal finances and details of the corporate structure, whereas the pending matter was a suit by Syntak arising out of its purchase of a hotel. *Id.* at 320. The Court decided only that the trial judge did not abuse his discretion in determining, based on conflicting evidence adduced at a disqualification hearing that lasted five days, that the matters were not substantially related. *Id.* at 321.

Anderson's admission that Rader formerly represented Centerline in a matter that is substantially related to the present matter ends the inquiry. Respondent had no discretion to deny Centerline's motion to disqualify Rader and his firm. We conditionally grant a writ of mandamus; because we are confident that Respondent will comply with our decision, the writ will issue only if he fails to do so.