In re Barbara Nell Taylor















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-027-CV

IN RE BARBARA NELL TAYLOR

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      Relator Barbara Nell Taylor (Barbara) seeks a writ of mandamus directing the Honorable Sam
Bournias (Respondent), Judge of the 87th District Court of Freestone County, to (1) vacate his
order that denied her motion to disqualify the law firm of Naman, Howell, Smith & Lee of Waco
(the Naman firm) from representing her husband Terry James Taylor (Terry) in their divorce case
and (2) grant the motion. We conclude that Barbara is entitled to the relief sought and
conditionally grant the writ.
      In 1998, Terry and his brother, Everett Lane Taylor (Lane), incorporated a business known
as Taylor Living Centers, Inc. (the corporation). In 2000, they sought the services of the Naman
firm for estate planning, and as part of the plan, the firm prepared a “Stockholder Agreement” (the
agreement) covering the shares of the corporation that had been issued in the names of Terry and
Lane (500 shares each). Terry and Lane, as the named shareholders, signed the agreement on
March 30, and Barbara and Kimberly Ann Taylor (Kim), Lane’s wife, signed it to bind their
interests in the shares to the terms of the agreement. Lane also signed the agreement as president
of the corporation. The agreement, among other things, set the “agreed net worth” of the
corporation at $200,000, obligated the estate of a deceased shareholder to sell its shares to the
surviving shareholder based upon the market value of the shares (which would be the “agreed net
worth”), and provided for a change in the “agreed net worth” from time to time.
      As part of the estate planning process, the Naman firm also prepared wills and medical and
financial powers of attorney for both Terry and Barbara. On April 21, 2000, Wesley J. Filer, a
member of the firm, wrote them a joint letter, which states in part:
In preparing your estate planning documents, we represented both of you since we understand
that any provisions that each of you made in the documents for the other were purely
voluntary and not motivated or induced by the other’s promise. Based on this understanding,
we have not viewed our representation as involving parties with conflicting or adverse
interests.

(Emphasis added). 

      In September of 2001, the Naman firm, acting through Ben Selman, filed a petition for
divorce in Freestone County on behalf of Terry. Barbara secured other counsel, who “as a
courtesy,” sent a letter to Selman calling his attention to the Naman firm’s prior representation of
Barbara and asking that the firm withdraw without the necessity of a motion to disqualify. Selman
responded to that request by asserting:
      •    the firm does not represent Barbara “on this matter”;
      •    the preparation of the wills is not a matter at issue in the divorce case and has “no
apparent relationship” to it; and
      •    the agreement “occurred between Mr. Taylor and his brother and not with regard to Mrs.
Taylor.”
The letter essentially denies that an attorney-client relationship existed between the Naman firm
and Barbara with respect to the stockholder agreement. Upon receipt of Selman’s letter, Barbara
filed a motion to disqualify the firm, which was heard and denied by Respondent without a reason
being stated. Barbara then filed this original proceeding.
      A writ of mandamus may be issued to correct a “clear abuse of discretion” provided no
adequate remedy by appeal exists. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig.
proceeding). Disqualification of counsel is a proper subject of a mandamus proceeding. NCNB
Texas Nat'l Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989) (orig. proceeding); Centerline
Indus. Inc. v. Knize, 894 S.W.2d 874, 875 (Tex. App.—Waco 1995, orig. proceeding). The
standard of review of a ruling on a motion to disqualify is limited to the question of whether the
trial court abused its discretion. See Coker, 765 S.W.2d at 400; see also Metropolitan Life Ins.
Co. v. Syntek Fin. Corp., 881 S.W.2d 319, 321 (Tex. 1994).
      Barbara testified at the hearing on the motion to disqualify that the Naman firm gave them
advice about the agreement and how to put it into effect, that the corporation owns and operates
five nursing homes, that Terry’s mother Chelsea is also in the nursing-home business, and that
payments had been made by the corporation to Chelsea’s companies.
      Terry filed an inventory and appraisement, listing the 500 shares of the corporation as a
community asset and stating: “An evaluation of the value is being analyzed and this information
will be provided.” Barbara contends that the market value of the shares has been established by
the agreement, to which she is a party, and has not been changed. Terry contends that the
agreement has no effect because neither Terry nor Lane has died. Were the value of the
community-property interest in the shares to be set at $100,000, that asset would have more than
five times the net value of the next largest community asset—the home having a net equity of
$18,000 according to Terry’s inventory and appraisement. Excluding the shares and the home,
the total value of the remaining assets—again, according to Terry—is $9,316.85. We must
conclude that the effect of the agreement, if any, in determining the value of the shares of the
corporation will be a primary subject of dispute in the divorce case.
      Although the Texas Disciplinary Rules of Professional Conduct are not controlling as
standards governing motions to disqualify, they have been viewed by the courts as guidelines that
articulate considerations relevant to the merits of such motions. Spears v. Fourth Court of
Appeals, 797 S.W.2d 654, 656 (Tex. 1990). Because disqualification is a severe remedy, the
courts must adhere to an exacting standard when considering motions to disqualify so as to
discourage their use as a dilatory trial tactic. Thus, the burden is on the movant to establish the
necessity for disqualification with specificity. See id.
      Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct provides, in part:
      Rule 1.06. Conflict of Interest: General Rule 
. . . 
(d) A lawyer who has represented multiple parties in a matter shall not thereafter represent
any of such parties in a dispute among the parties arising out of the matter, unless prior
consent is obtained from all such parties to the dispute. 
(e) If a lawyer has accepted representation in violation of this Rule, or if multiple
representation properly accepted becomes improper under this Rule, the lawyer shall promptly
withdraw from one or more representations to the extent necessary for any remaining
representation not to be in violation of these Rules. 
(f) If a lawyer would be prohibited by this Rule from engaging in particular conduct, no other
lawyer while a member or associated with that lawyer's firm may engage in that conduct.

Tex. Disciplinary R. Prof’l Conduct 1.06(d), (e), (f), reprinted in Tex. Gov’t Code Ann.,
tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). Comment 9 to the rule,
states:
In certain situations, such as in the preparation of loan papers, or the preparation of a
partnership agreement, a lawyer might have properly undertaken multiple representation and
be confronted subsequently by a dispute among those clients in regard to that matter. 
Paragraph (d) forbids the representation of any of those parties in regard to that dispute unless
informed consent is obtained from all of the parties to the dispute who had been represented
by the lawyer in that matter.

Id. 1.06 cmt. 9.
      The record conclusively shows that the Naman firm represented multiple parties, i.e., Terry,
Barbara, Lane, and Kim during the estate planning process and in preparation of the agreement. 
See id. 1.06(d). The record further shows that there is a dispute in the divorce proceeding about
the effect of that agreement and that Barbara, having been represented by the Naman firm, has not
consented to the firm’s representation of Terry in the divorce case. See id. When the violation
was called to the firm’s attention, Selman rejected the notion that the firm had represented Barbara
in connection with the agreement and declined to withdraw. Under Rule 1.06(d), Filer—the
lawyer with the Naman firm who did the estate planning work, prepared the agreement, and
acknowledged that the firm represented Barbara—is disqualified from representing any of the
multiple parties to the agreement (the “matter” in the words of the rule) in a dispute among those
clients in regard to that matter. See id. Because Filer is disqualified, Selman and all other
members of the firm are disqualified. See id. 1.06(f).
      Terry also contends that Barbara waived her right to disqualification by waiting too long to
file the motion. Terry’s suit was filed on September 17, 2001. Selman sent the petition to
Barbara by letter with a waiver of citation, then talked to her when she called him. He advised
her to secure a lawyer. A counter-petition was filed on October 1. When Barbara called the Filer
letter to the attention of her lawyer, he sent a letter to Selman requesting that the Naman firm
withdraw without the necessity of a motion. Selman declined on November 29, and the motion
to disqualify was filed on November 30.
      Explaining the timing, Barbara testified that she is in poor physical condition and, when she
received a discovery request for copies of documents that were in her possession, she was unable
to go to the upstairs attic where they were stored to retrieve them. When her son got the records
for her, she went through the seven or eight boxes and discovered the Filer letter stating that she
was a client of the Naman firm. She was not cross-examined about any delay in asserting the
disqualification issue, and her testimony was not contradicted. She was the only witness who
testified.
      Nothing in the record indicates that the motion was filed on the eve of any final hearing or
trial date; indeed when the motion was filed and heard, the case was not set for trial. See
Wasserman v. Black, 910 S.W.2d 564, 569 (Tex. App.—Waco 1995, orig. proceeding). Under
these facts, Respondent could not have reasonably found that Barbara waived her right to insist
on disqualification.
      We conclude the trial court's failure to grant Barbara’s motion to disqualify was a clear abuse
of discretion for which she was left with no adequate remedy by appeal. We conditionally grant
the requested writ of mandamus to order Respondent to vacate his December 20, 2001 order and
enter an order granting the motion to disqualify the Naman firm. Because we are confident that
Respondent will comply with our decision within fourteen days, the writ will issue only if he fails
to do so.
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Writ conditionally granted
Opinion delivered and filed February 27, 2002
Publish
[CV06]