TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00358-CV







In re Samuel T. Jackson



Brian Charles Smith; Robert Hammond; David Talton; and John Collins, Individually 

and on behalf of all others similarly situated, Appellants


v.


Greg Abbott, in his capacity as Attorney General of the State of Texas; Sheila Bailey
Taylor, in her Official Capacity as Chief Administrative Law Judge, State Office of
Administrative Hearings; and Casey Hoffman, in his Capacity as Director, et al., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-GN-04-002159, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING



 


O R D E R

PER CURIAM 

 On September 27, 2006, Samuel T. Jackson, an attorney who was disqualified by the
trial court from representing appellants Brian Charles Smith, Robert Hammond, David Talton, and
John Collins, individually and on behalf of others similarly situated, appeared before this Court for
a show cause hearing related to his continued attempts to represent appellants. Jackson argues that
because no appellate court has explicitly ruled on the propriety of his disqualification, there has been
no ruling on the merits and, therefore, he and appellants may appeal that disqualification. We hold
that Jackson may not participate in this appeal in any capacity.


Factual Background

 On July 9, 2004, appellant Smith, represented by Jackson, filed a petition in the trial
court, appealing from the suspension of his driver's license for non-payment of child support. The
petition was amended in September 2004 to add appellants Hammond, Talton, Collins, individually
and on behalf of others similarly situated. In February 2005, appellees Greg Abbott, Attorney
General of the State of Texas, and Cynthia Bryant, or her successor, as Director of Title IV-D
Agency, filed a motion to disqualify Jackson, stating that Jackson was formerly employed as the
presiding administrative law judge for the Child Support Division of the Attorney General's Office
("OAG") at the time appellants' licenses were suspended, that he had used confidential information
obtained through that employment to solicit clients, including appellants, and that he had violated
the separation agreement he signed upon ending his employment with the OAG. A hearing was held
on the motion on February 22, 2005, and the trial court granted appellees' motion on March 11,
2005, ordering Jackson withdrawn as attorney of record in the case and ordering him to notify
appellants of his withdrawal and of any pending deadlines. 

 On April 25, 2005, Jackson filed a petition for writ of mandamus on appellants'
behalf in this Court, signing the document as appellants' attorney and complaining of the trial court's
decision to disqualify him (cause number 03-05-00226-CV). This Court denied the petition for writ
of mandamus in May 2005. Jackson then filed a petition for writ of mandamus on appellants' behalf
with the supreme court, signing it as appellants' attorney. The supreme court denied the petition in
August 2005, and he filed a motion for rehearing on appellants' behalf, which was denied in October
2005 (cause number 05-0457). On December 1, Jackson filed in the trial court a motion to reinstate
counsel or clarify its order, signing the motion as appellants' attorney. The trial court denied that
motion on February 23, 2006, and on April 13, 2006, Jackson filed in this Court another petition for
writ of mandamus and an emergency motion to stay his disqualification pending resolution of his
petition for writ of mandamus. Those documents were brought in the names of Samuel T. Jackson
and Brian C. Smith, et al., and Jackson signed them as attorney for relators (cause number 03-06-00209-CV). This Court denied both the emergency motion and the petition on April 14. 

 On March 23, 2006, between the date the court overruled the motion to reconsider
Jackson's disqualification and the date Jackson filed his second petition for writ of mandamus, the
trial court granted appellees' plea to the jurisdiction and dismissed appellants' suit with prejudice. 
On June 26, Jackson, still signing as appellants' attorney, filed a notice of appeal on appellants'
behalf and on his own behalf, stating that appellees and Jackson wished "to appeal . . . from the
judgment dismissing with prejudice their claims, entered . . . on March 23, 2006." The OAG soon
filed a motion to dismiss the appeal based on Jackson's disqualification. 

 This Court ordered Jackson to appear at a show cause hearing on September 23, 2006. 
Prior to the hearing, Jackson filed a response asserting that: appeal from his disqualification was not
precluded by the "law of the case" doctrine; the appellate courts' denials of his petitions for writ of
mandamus were not rulings on the merits of his disqualification; his disqualification does not
preclude him from proceeding as appellants' attorney as to their claims against appellee the State
Office of Administrative Hearings ("SOAH"), which did not file a motion to disqualify; (1) Jackson
is entitled to represent himself in an appeal from the disqualification; appellants should be allowed
to properly perfect their appeal, should the disqualification be upheld; and appellants' and Jackson's
right to appeal is constitutionally protected. Following the show cause hearing, Jackson filed a letter
brief further asserting that this appeal may not be dismissed without a written decision, his
disqualification did not divest him of the authority to perfect the appeal, Jackson may challenge the
disqualification on his own behalf, and this Court must determine the propriety of the
disqualification before dismissing the appeal.

Discussion

 Jackson was disqualified from acting as appellants' attorney in March 2005. This
Court denied a petition for writ of mandamus complaining of that disqualification in May, and the
supreme court denied a similar petition in August and a motion for rehearing in October. 
Notwithstanding those decisions, Jackson filed a motion for reconsideration and then again sought
mandamus relief, which this Court denied. Despite having been disqualified more than a year earlier
and repeatedly being denied relief from that disqualification, Jackson filed a notice of appeal on
appellants' behalf, purporting to be appellants' attorney. 

 Jackson is correct that the supreme court has held that a denial of a petition for writ
of mandamus does not amount to a decision on the merits of the case. See In re AIU Ins. Co., 148
S.W.3d 109, 119 (Tex. 2004). However, having been denied mandamus relief not once, but three
times, Jackson may not proceed in the trial court as if the disqualification order is of no effect until
it is ruled on through an appeal. Unless stayed, a trial court's order must be given effect and is
presumptively valid unless and until an appellate court reverses that order, either through an original
proceeding or through an appeal. Jackson did not obtain a stay from the disqualification order, and
the order did not limit his disqualification only to the claims involving the OAG. (2) The trial court's
order and the subsequent denials of extraordinary relief had the effect of disqualifying Jackson from
further participation in the case.

 Jackson prepared and filed a "joint notice of appeal" in his and appellants' names,
stating that they wished to appeal the trial court's March 23, 2006 judgment "dismissing with
prejudice their claims." He argues that he is "entitled to appeal from the disqualification on his own
behalf" and that he has a right to challenge his disqualification on his own behalf, citing to several
cases in an attempt to answer this Court's inquiry as to authority for his proposition. However,
several of the cases Jackson cites involve appeals brought by attorneys sanctioned in court orders for
misconduct. See Weeks v. Independent Sch. Dist. No. I-89, 230 F.3d 1201, 1205, 1207 (10th Cir.
2000) (attorney had standing to appeal disqualification order involving finding that attorney had
violated Oklahoma Rules of Professional Conduct); United States v. Talao, 222 F.3d 1133, 1136 (9th
Cir. 2000) (allowing attorney to appeal from trial court's finding of a violation of California Rules
of Professional Conduct); Walker v. City of Mesquite, 129 F.3d 831, 832 (5th Cir. 1997) (trial court
issued opinion finding attorney guilty of "blatant misconduct" and violating duty of candor; court
of appeals held that attorney could appeal from order without waiting until end of litigation);
Sullivan v. Committee on Admissions & Grievances, 395 F.2d 954, 956 (D.C. Cir. 1967) (allowing
attorney's appeal from trial court's determination that attorney "was guilty of proscribed conduct"). 
In this case, Jackson has not been sanctioned. Instead, in its order, the trial court granted appellees'
motion to disqualify Jackson without comment. Thus, Jackson has not shown that his professional
reputation will be damaged if he is not allowed to appeal on his own behalf.

 Although Jackson cites several cases that he argues show that Texas courts allow
attorneys to appeal from their disqualification, a review of Texas case law shows that Texas courts
discuss a party's right to counsel of its choosing, not an attorney's right to a particular client. 
Jackson cites to a case from our sister court in El Paso, in which the defendant and its law firm "as
an intervenor" filed a joint notice of appeal. See Cimarron Agric., Ltd. v. Guitar Holding Co., L.P.,
209 S.W.3d 197, 202 n.2 (Tex. App.--El Paso 2006, no pet.) (emphasis added). However, the court
in Cimarron stated, "Regardless of whether [the law firm] has standing individually, Cimarron does
have standing to assert the claims related to the trial court's disqualification order." Id. The court
did not address whether the law firm had a right to bring an appeal from its disqualification. Our
review of the law related to disqualification reveals that complaints or appeals arising from such
orders are generally brought by the client-party, not by the disqualified attorney. See, e.g., In re
Sanders, 153 S.W.3d 54, 56 (Tex. 2004); In re Nitla, S.A. de C.V., 92 S.W.3d 419, 421 (Tex. 2002);
Anderson Producing, Inc. v. Koch Oil Co., 929 S.W.2d 416, 418 (Tex. 1996); Spears v. Fourth
Court of Appeals, 797 S.W.2d 654, 655 (Tex. 1990); In re Budzyn, 206 S.W.3d 721, 721 (Tex.
App.--Houston [1st Dist.] 2006, orig. proceeding); In re T.E.D., No. 12-06-00143-CV, 2006 Tex.
App. LEXIS 6758, *1 (Tex. App.--Tyler July 31, 2006, orig. proceeding); In re Moore, 153 S.W.3d
527, 528 (Tex. App.--Tyler 2004, orig. proceeding). But see Cochran v. Cochran, 333 S.W.2d 635,
637 (Tex. Civ. App.--Houston 1960, writ ref'd n.r.e.) (disqualified attorneys appealed along with
client from trial court's disqualification order). In any event, this is not the question squarely before
us, and we need not resolve this question here.

 Jackson points out that the supreme court did not raise any concerns about a
disqualified law firm's ability to bring an appeal on its client's behalf in Metropolitan Life Insurance
Co. v. Syntek Finance Corp., 881 S.W.2d 319, 320 (Tex. 1994). However, in Syntek Finance, the
trial court denied a motion to disqualify the insurance company's counsel, but the court of appeals
held that the denial was an abuse of discretion and reversed the case for a new trial. Id. The
insurance company then appealed to the supreme court. Id. In that case, once disqualified by the
court of appeals, the attorney discussed by the court of appeals did not participate in the appeal to
the supreme court; although it is not clear whether the remaining attorneys for the insurance
company were from the disqualified law firm, it appears they were. See id.; Syntek Fin. Corp. v.
Metropolitan Life Ins. Co., 880 S.W.2d 26, 28 (Tex. App.--Dallas 1994), rev'd, 881 S.W.2d at 320. 
We believe Syntek Finance is distinguishable from this case both because the attorney specifically
discussed and disqualified did not participate in the appeal to the supreme court and because the
supreme court reviewed the court of appeals's opinion reversing the trial court and disqualifying
counsel, whereas this is an appeal from the trial court's order of dismissal entered well after Jackson
was disqualified and his petitions for extraordinary relief were denied.

 Jackson also notes cases in which this Court did not comment on a disqualified
attorney's lack of authority to bring a petition for writ of mandamus on behalf of his or her client. 
See In re Cerberus Capital Mgmt., L.P., 161 S.W.3d 531, 531 (Tex. App.--Austin 2004, orig.
proceeding); In re Wallingford, 64 S.W.3d 22, 23 (Tex. App.--Austin 1999, orig. proceeding). (3) 
However, we are not concerned in this proceeding with Jackson's authority to bring an original
proceeding on appellants' behalf. Indeed, Jackson has done just that, filing two petitions for writ of
mandamus in this Court and one in the supreme court. In the original proceedings, we did not take
issue with Jackson's involvement in the case. The question before us now is whether Jackson,
having been disqualified and denied extraordinary relief three times, may continue to proceed in this
Court and the trial court as if he had not been disqualified.

 Finally, we note that the notice of appeal does not state that the parties seek to appeal
from the order of Jackson's disqualification. It says only that the parties wish to appeal from the
order dismissing appellants' claims. The claims that were dismissed did not belong to Jackson, and
Jackson was not a party to that dismissal order. Jackson may not appeal from the dismissal on his
own behalf.



Conclusion

 Jackson has not shown that he is aggrieved by the trial court's disqualification order
to an extent that he can assert a right to appeal, and he may not appeal on his own behalf from his
disqualification. That complaint rests with appellants. Unless and until the trial court's order is
overturned, the order is presumed to be valid and must be given effect. Jackson may not file further
documents on appellants' behalf, as he has long been disqualified from this case and he is, therefore,
no longer a part of this proceeding in any capacity.

 Due to the nature of this case, we will not dismiss the appeal outright. Instead, in the
interest of justice, we will allow appellants fifteen days in which to decide whether they wish to file
an amended notice of appeal to reflect that Jackson is not a party and is not representing them any
longer. Appellants may either proceed pro se and represent themselves, or they may retain new
counsel to represent them. (4) If appellants do not file an amended notice of appeal by April 4, 2007,
this Court will dismiss the appeal.

 It is ordered March 19, 2007.

 

Before Chief Justice Law, Justices Patterson and Puryear
1. SOAH filed a letter in response to Jackson's first petition for writ of mandamus (in cause
number 03-05-00226-CV), stating that it "wishe[d] to continue the neutral position it maintained in
the district court in this case. SOAH, therefore, [did] not have a response for or against relator's
petition for writ of mandamus." However, following the show cause hearing in this Court, SOAH
joined the OAG in a letter brief asserting that we should dismiss Jackson's appeal of his
disqualification. In that letter, SOAH states that it participated in the disqualification hearing and
concurred in the OAG's arguments and, thus, did not waive the issue of Jackson's disqualification. 
2. It is not clear that the claims could even be so segregated or that the reasons asserted by the
OAG for disqualification would not apply with equal force to SOAH.
3. Jackson also cites HECI Exploration Co. v. Clajon Gas Co., stating that we did not then
have misgivings about disqualified counsel filing a post-judgment appeal. 843 S.W.2d 622
(Tex. App.--Austin 1992, writ denied). However, in that case, HECI contended that the trial court
should have disqualified Clajon's counsel. Id. at 626. Counsel was not already disqualified during
the appeal. See id. All but one of the other cases Jackson cites involved original proceedings
complaining of an attorney's disqualification. The remaining case, Cochran v. Cochran, does not
address the issue. 333 S.W.2d 635, 637 (Tex. Civ. App.--Houston 1960, writ ref'd n.r.e.).
4. Jackson complains that if appellants retain new counsel, counsel will have "little incentive
to challenge the disqualification of [his or her] predecessor." However, if appellants retain new
counsel, they may ask that attorney to raise the disqualification complaint as part of the appeal. If
they opt not to pursue that complaint, that is their prerogative.