NO. 07-06-0390-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 8, 2007


______________________________



IT'S THE BERRY'S, LLC, A TEXAS LIMITED LIABILITY COMPANY


DOING BUSINESS AS MARY ELLEN'S, APPELLANT



V.



EDOM CORNER, LLC, A TEXAS LIMITED LIABILITY COMPANY, APPELLEE


_________________________________



FROM THE 294TH DISTRICT COURT OF VAN ZANDT COUNTY;



NO. 06-00428; HONORABLE TERESA DRUM, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER


 Appellee Edom Corner, LLC, has filed an Emergency Motion to Disqualify Opposing
Counsel, Strike Appellant's Brief and for Emergency Stay in this appeal, seeking the relief
stated in the motion's title. The motion is founded on client communications made in
September 2004 from Earl A. Berry, Jr., one of the members of Edom Corner, LLC, to Paul
Elliott, an attorney Berry consulted on behalf of another entity, Edom Wash 'N Dry, LLC. 
In January 2007, Elliott and Dan J. Anderson, one of the attorneys representing appellant
It's the Berry's, LLC, formed a professional corporation for the practice of law. Because
of that professional relationship, Edom Corner, LLC, contends Berry's 2004
communications to Elliott are now imputed to Anderson. Because, on April 24, 2007, Elliott
executed an affidavit describing his September 2004 meeting with Berry, and because the
contents of the affidavit have been conveyed to Anderson's co-counsel Larry M. Lesh,
Edom Corner, LLC contends the 2004 client communications must be imputed to Lesh as
well. 

 The litigation that culminated in the judgment being appealed here concerns
business premises leased by Edom Corner, LLC to It's the Berry's, LLC. The trial court's
judgment awarded Edom Corner, LLC possession of the premises, costs, attorney's fees,
and interest. The judgment was signed in August 2006. 

 Photocopies of documents submitted to the Court indicate the following: Mary Ellen
Malone is the sole member of It's the Berry's, LLC and is the sister of Earl A. Berry, Jr.;
until late 2004, when they separated their business interests, Malone and Berry both were
members of Edom Wash 'N Dry, LLC as well as other entities; the dispute about which
Berry consulted Elliott in September 2004 also was a real estate dispute involving property
located across a highway from the premises at issue in our appeal; Berry and Malone, or
entities controlled by them, currently are opponents in three other proceedings pending in
the 294th District Court of Van Zandt County. 

 Edom Corner, LLC's emergency motion does not demonstrate that the matter about
which Berry consulted Elliott in September 2004 was substantially related to the litigation
giving rise to the present appeal. The matters involved different parties, different
properties, and different issues. Neither the familial and former business ties between
Berry and Malone nor the events occurring during their entities' other lawsuits establish the
substantial relationship necessary to disqualify counsel on the basis of prior representation. 
Metro Life Ins. Co. v. Syntek Finance Corp., 881 S.W.2d 319, 320 (Tex. 1994); In re Cap
Rock Elec. Co-op, Inc., 35 S.W.3d 222, 230-31 (Tex.App.-Texarkana 2000, no pet.). 

 Further, and assuming that Elliott's knowledge from the September 2004 meeting
is imputed to Anderson and Lesh, Edom Corner, LLC has not demonstrated that it is
prejudiced by any conflict of interest. In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex.
2002); In re Dalco, 186 S.W.3d 660, 668 (Tex.App.-Beaumont 2006, orig. proceeding
[mand. denied]).

 The emergency motion of appellee Edom Corner, LLC seeking disqualification of
appellant's counsel, striking of appellant's brief and a stay of the appeal, is denied.

 It is so ordered.



 Per Curiam 




 UnhideWhenUsed="false" QFormat="true" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-08-0502-CR, 07-08-0503-CR; 07-08-504-CR;

 

07-08-0505-CR;
07-08-0506-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
15, 2010

 



 

ALFREDO SOLIS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,754-C, 57,761-C, 57,762-C, 57,763-C, 57,764-C;

 

 HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Alfredo Solis appeals ten
convictions for aggravated sexual assault of a child, sexual assault of a
child, and indecency with a child by sexual contact.  Through one issue, he argues the trial court
abused its discretion by ordering the jury-imposed sentences for three of the
convictions to run consecutively.  We
disagree, and will affirm.

 

Background

Indictments filed in five cases
alleged appellant committed multiple sexual offenses against one child, his
stepdaughter.  The cases were
consolidated for trial.  

At trial appellant plead guilty to
each of the indicted offenses.  After the
State presented evidence, the court instructed the jury to return a verdict of
guilty on each count.  The jury entered
verdicts accordingly.  Appellant elected
assessment of punishment by the jury. 
During its deliberation on punishment, the foreman sent the court a note
inquiring:

1)       If given probation on one count of the lessor (sic) charges, does that ensure that if the
defendant gets out he for sure will be on probation?

2)         If not does probation have to be given
on all charges.(sic)

The court responded with a
supplemental charge instructing the jury to continue its deliberations.  The jury returned verdicts assessing two
fifty-year sentences for aggravated sexual assault of a child,[1]
two twenty-year sentences for sexual assault of a child,[2]
five twenty-year sentences for indecency with a child by sexual contact,[3]
and one nine-year probated sentence for indecency with a child by sexual
contact. 

The State moved for consecutive
sentencing and Athat [appellant=s] probation term not begin until he
is paroled on the last sentence prior to that.@  Appellant objected to
stacked sentences.  After the trial court
made some comments, apparently based on the jurys note, concerning the jurys
wishes regarding appellants eventual possible release from confinement, and
further argument from counsel, the court stacked one of the fifty-year
sentences, one of the twenty-year sentences and the probated sentence.  It ordered the remaining sentences run
concurrently.  The effect of the courts
sentencing was seventy years confinement followed by nine years probation.  Appellant timely filed notice of appeal.

Issue

Appellant raises one issue on appeal:

Where a defendant in his mid-50s opts for jury sentencing, and where the
trial court concludes from the punishment verdicts that the jury intended the
defendant to be released at some time in the future, is the trial court
entitled to frustrate that intention by cumulating the sentences of
imprisonment to make release much less likely?[4]

Discussion

Statute authorizes a trial court to
cumulate sentences imposed for certain offenses arising out of the same
criminal episode and prosecuted in a single criminal action.  Tex. Penal Code Ann. § 3.03
(Vernon Supp. 2009).  Those
offenses include indecency with a child, and aggravated sexual assault and
sexual assault of a child younger than seventeen.  Tex. Penal Code Ann. §§ 3.03(b)(2)(A); 21.11; 22.011; 22.021 (Vernon Supp. 2009); see DeLeon
v. State, 294 S.W.3d 742 (Tex.App.Amarillo 2009, pet. refused) (applying statute).

The Court
of Criminal Appeals has indicated that a trial courts decision to cumulate
sentences constitutes an abuse of discretion only when cumulation
is not permitted by statute.  See Beedy v. State, 250 S.W.3d 107, 110 (Tex.Crim.App. 2008) (Awhen a trial judge
lawfully exercises the option to cumulate, that decision is unassailable on
appeal@); Barrow v.
State, 207 S.W.3d 377, 380-81 (Tex.Crim.App.
2006) (discussing trial court=s discretionary
decision whether to cumulate sentences). 
Accord Nicholas v. State, 56 S.W.3d 760, 764-65 (Tex.App.BHouston
[14th Dist.] 2001, pet. refused) (noting, as a practical matter, an abuse of
discretion occurs in sentencing for multiple offenses only if the trial court
imposes consecutive sentences where the law requires concurrent sentences,
where the court imposes concurrent sentences but the law requires consecutive
ones, or where the court otherwise fails to observe the statutory requirements
pertaining to sentencing); Revels v. State, No. 05-07-01555-CR, 2008
Tex. App. Lexis 9197, at *18 (Tex.App.BDallas
Dec. 11, 2008, no pet.).

Appellant does not
contend the trial courts cumulation order in this
case contravened the statute.  The trial court did not alter the
individual sentences imposed by the jury, and none exceed the statutory
range.  All the sentences were subject to
cumulation. 
Tex. Penal Code Ann. ' 3.03(b)(2)(B)
(Vernon Supp. 2009).

Nonetheless,
appellant contends the order was an abuse of discretion because of the peculiar
circumstances.  He points to the trial
courts comment, which he contends indicates the court understood the jury
intended that appellant eventually be eligible for release from
imprisonment.  He then argues that, despite
its understanding of the jurys intention, the trial court ordered cumulation of sentences, making his eventual eligibility
for release much less likely.  This
action, appellant posits, must constitute an abuse of discretion.

Effectively,
appellants argument is an iteration of the position rejected by the Court of
Criminal Appeals in Barrow.  207 S.W.3d at 381-82.  There, Judge Meyers, in dissent, took the
position that allowing the trial judge to cumulate jury-determined sentences
contradicts a Texas defendants statutory right to have punishment assessed by
the jury.  Id. at 382.  Addressing constitutional challenges to
judge-ordered cumulation, the majority opinion
pointed out that, by statute, Texas permits a defendant to opt for
jury-assessed punishment but the Legislature also has assigned the decision
whether to cumulate sentences to the trial court.  Id. at 380.  

Because the jury
simply has no role in the decision whether sentences are to be served
consecutively or concurrently when statute permits, and the decision is left to
the discretion of the trial court, Barrow,
207 S.W.3d at 380,[5]
we are unable to agree that the jurys intentions regarding appellants
eventual eligibility for release could operate to limit the trial courts
discretion to order cumulation.[6]
 

We accordingly overrule appellant=s issue and affirm the judgments of
the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.  











[1]  Tex. Penal Code Ann. ' 22.021(a)(2)(B)
(Vernon Supp. 2009).





[2] 
Tex. Penal Code Ann. ' 22.011(a)(2)
(Vernon Supp. 2009).





[3] 
Tex. Penal Code Ann. ' 21.11(a)(1)
(Vernon Supp. 2009).





[4] The State contends appellants issue was not
preserved for our review.  See Tex. R. App. P. 33.1; Pena v.
State, 285 S.W.3d 459, 462-464 (Tex.Crim.App.
2009) (discussing preservation of error). 
Although the States argument has some merit, we find appellants
objection to the imposition of cumulative sentencing for the fifty-and
twenty-year sentences was conveyed to the trial court, and was overruled by the
courts sentencing decision, so as to preserve the complained-of error for our
review.





[5]
Cf. Gordon v. State, 633 S.W.2d 872, 879 n.16 (Tex.Crim.App. 1982) (citing
O=Bryan v. State, 591 S.W.2d 464, 476, 478 (Tex.Crim.App. 1979) (AThe duration of confinement following its assessment of
punishment is not a legitimate concern of a jury@).  





[6] Although we need not address it, we agree with the
State also that the jury foremans note is subject to more than one
interpretation as an indicator of the jurys thinking regarding appellants
eventual release from confinement.