NO. 07-12-0186-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 9, 2012
_____


IN RE DANIEL LEE JACKSON, JR.

_____


ORIGINAL PROCEEDING
ARISING FROM PROCEEDINGS BEFORE THE 72ND DISTRICT COURT OF
LUBBOCK COUNTY; NO. 2012-500,756;
HONORABLE RUBEN G. REYES, JUDGE PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In this original proceeding, Relator, Daniel Lee Jackson, Jr., seeks to set aside an order disqualifying his attorney of record, Nevill Manning, and the law firm of Field, Manning, Stone, Hawthorne and Aycock. We deny the petition for writ of mandamus.

**BACKGROUND**

On February 6, 2012, the real party in interest, Susan Jackson, filed a petition for divorce, seeking to terminate her fifteen year marriage to Daniel. Shortly after filing her petition for divorce, Susan filed a motion seeking to disqualify Daniel's attorney and his

law firm. In her motion, Susan contended that Manning and his law firm were disqualified to represent Daniel because a partner in the law firm, Mike Field, previously represented her in her capacity as Independent Executrix of the estate of her uncle, William W. Bryan, Jr., thereby gaining client information pertaining to the same or substantially related matters. A hearing was held before the Honorable Ruben G. Reyes, culminating in the contested order disqualifying both Manning and his law firm. Seeking mandamus relief from this Court, Daniel asserts the trial court abused its discretion in granting Susan's motion to disqualify because the client information obtained as a result of Field's prior representation was (1) previously made public, (2) stale, and (3) not substantially related to the present proceedings.

## MANDAMUS STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co.*, *L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-136 (Tex. 2004) (original proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., LP*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker,* 827 S.W.2d at 839. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only

2

one decision." *Liberty Nat'l First Ins. Co. v. Akin,* 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

In determining whether there is no other adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re Prudential Ins. Co.,* 148 S.W.3d at 135-136. Because an appeal is inadequate when a trial court abuses its discretion in disqualifying a party's attorney, *In re Guar. Ins. Servs.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding); *In re Cerberus Capital Mgmt., LP,* 164 S.W.3d at 383, mandamus is an appropriate means of correcting an erroneously issued order of disqualification. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam) (orig. proceeding).

## DISQUALIFICATION OF AN ATTORNEY

In disqualification cases, our analysis begins with the premise that disqualification is a "severe remedy" which can result in immediate and perceptible harm to a party, disrupt trial court proceedings, and deprive that party of the right to have counsel of choice. *Id.* at 57; *In re Nitla S.A. De C.V.*, 92 S.W.3d 419, 423 (Tex. 2002) (per curiam) (orig. proceeding). A trial court should be extremely judicious in considering a disqualification motion because the procedure should not be used tactically to deprive an opposing party of the right to be represented by the lawyer of his or her choosing. *In re Sanders,* 153 S.W.3d at 57. Thus, "mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice" to merit disqualification. *Id.* (quoting *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990)).

Although the Texas Disciplinary Rules of Professional Conduct were promulgated as disciplinary rules rather than rules of procedural disqualification, courts have recognized those rules as providing guidelines relevant to a disqualification determination. *Id.* With that in mind, we note that Disciplinary Rule 1.09 states, in relevant part:

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another party in a matter adverse to the former client;

(1) in which such other person questions the validity of the lawyer's services or work product for the former client; or

(2) if the representation in reasonable probability will involve a violation of Rule 1.05;

(3) if it is the same or a substantially related matter.

(b) Except to the extent authorized by Rule 1.10, when lawyers are . . . members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a).

Tex. Disciplinary R. Prof'l Conduct 1.09(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app A (West 2011) (Tex. State Bar R. art. X, § 9). Furthermore, we note that Disciplinary Rule 1.05 states, in relevant part:

(a) "Confidential information" includes . . . "unprivileged client information." . . . "Unprivileged client information" means all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client.

(b) Except as permitted by paragraphs (c) and (d) [not applicable here], or as required by paragraphs (e) and (f) [not applicable here], a lawyer shall not knowingly:

* * *

4

(2) Use confidential information of a client to the disadvantage of the client unless the client consents after consultation.

Tex. Disciplinary R. Prof'l Conduct 1.05.

The mere fact that a lawyer has previously represented the complaining client does not itself compel disqualification. *See Yorkshire v. Seger,* 279 S.W.3d 755, 775 (Tex.App.--Amarillo 2007, no pet.) (holding that even if challenged counsel has committed a disqualifying act, the party requesting disqualification must demonstrate that the disqualified counsel's conduct caused actual prejudice). Disqualification is only appropriate if the representation in reasonable probability will involve a violation of Rule 1.05 and if the previous representation and the current representation involve the same or a substantially related matter. *Metropolitan Life Insurance Co. v. Syntek Finance Corp.,* 881 S.W.2d 319, 320 (Tex. 1994).

## ANALYSIS

Where a motion to disqualify an attorney states multiple grounds for disqualification, we will not disturb a trial court's order granting that motion so long as any ground of disqualification is supported by the record. Here, Susan's motion contends that Manning and his law firm are disqualified to represent Daniel because the law firm previously represented the estate of her uncle, William W. Bryan, Jr., through which she inherited certain property, as well as representing her in her capacity as Independent Executrix of that estate, thereby gaining confidential client information pertaining to her separate property estate, which she contends is a matter substantially related to the underlying divorce proceeding.

5

While Daniel asserts that the information acquired by Field during the course of his prior representation has entered the "public domain," he also recognizes that such information is still protected "confidential information." Accordingly, he recognizes that the essential inquiry is whether the information is substantially related to the pending divorce proceeding. In that regard, he argues that the information is so remote in time and dissimilar in content that the trial court erred in finding a substantial relationship.

In *Syntek,* while reviewing on direct appeal the trial court's denial of a motion to disqualify opposing counsel, the Texas Supreme Court discussed the "substantially related matter" requirement of Rule 1.09(a)(3), stating that in order to satisfy that requirement a movant must prove the facts of the previous representation are so related to the facts involved in the pending litigation "that a genuine threat exists that confidences revealed to former counsel will be divulged to a present adversary." *Syntek,* 881 S.W.2d at 321. *See also NCNB Tex. National Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (applying former Texas Code of Professional Responsibility, Rules Governing the State Bar of Texas, art. X, § 9, DR 2-103(D)(2)). Here, the firm's attorney-client relationship was not merely with members of Susan's family, or with Susan as executrix of an estate, it also extended to Susan herself. The evidence presented during the disqualification hearing shows a long-term attorney-client relationship between Susan and the firm where knowledge and understanding of the nature and extent of Susan's estate were integral parts of that representation. Furthermore, the extent of Susan's property holdings, including her separate property estate, is a matter the trial court will have to consider in awarding a fair and equitable division of Susan and Daniel's community estate.

In reviewing a trial court's decision to disqualify counsel we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *In re Sanders,* 153 S.W.3d at 57. In that regard, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *Id.* Because we find Judge Reyes's decision to disqualify Manning, and the law firm of Field, Manning, Stone, Hawthorne and Aycock was neither arbitrary nor unreasonable, we deny Daniel's request for relief.

## CONCLUSION

Based on the standard articulated in *Syntek*, having examined and fully considered the petition for writ of mandamus and the response thereto, we hold that it was not an abuse of discretion for the trial court to conclude that the former and current proceedings involved a substantially related matter, to-wit: Susan's separate property. Accordingly, without hearing oral argument, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).


Patrick A. Pirtle
Justice